IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **ROBERT CASEY, TAYLOR ADDY, ROGER WILSON, TRAVIS DELDUCA, and ZACHARY CHASTAIN,** | |
| **Plaintiffs,** | |
| **vs.** | Civil Action No. 1:16-cv-4517-SCJ |
| **1400 NORTHSIDE DRIVE, INC. d/b/a Swinging Richards and C.B. JONES II,** | Consolidated with 1:15-cv-4453-SCJ <br><br> **CONFERENCE REQUESTED** |
| **Defendants.** | |

---

### JOINT CONSOLIDATED PRETRIAL ORDER

---

**(1) There are no motions or other matters pending for consideration by the court except as noted.**

**(2) All discovery has been completed, unless otherwise noted, and the court will not consider any further motions to compel discovery. (Refer to LR 37.1B). Provided there is no resulting delay in readiness for trial, the parties shall, however, be permitted to take the depositions of any persons for the preservation of evidence and for use at trial.**

> **Response:** None.

**(3) Unless otherwise noted, the names of the parties as shown in the caption to this Order and the capacity in which they appear are correct and complete, and there is no question by any party as to the misjoinder or non-joinder of any parties.**

> **Response:** None.

**(4) Unless otherwise noted, there is no question as to the jurisdiction of the court; jurisdiction is based upon the following code sections. (When there are multiple claims, list each claim and its jurisdictional basis separately.)**

**Response:** Jurisdiction is based upon the Fair Labor Standards Act, 29

U.S.C. § 216(b).

**(5) The following individually-named attorneys are hereby designated as lead counsel for the parties:**

**Response:**

Plaintiffs: Mitchell D. Benjamin

Defendants: Herbert P. Schlanger

Other Parties (specify): n/a

**(6) Normally, the plaintiff is entitled to open and close arguments to the jury. (Refer to LR 39.3(B)(2)(b)). State below the reasons, if any, why the plaintiff should not be permitted to open arguments to the jury.**

**Response:** None.

**(7) The captioned case shall be tried (<u>X</u>) to a jury or (____) to the court without a jury, or (____) the right to trial by jury is disputed.**

**(8) State whether the parties request that the trial to a jury be bifurcated, i.e. that the same jury consider separately issues such as liability and damages. State briefly the reasons why trial should or should not be bifurcated.**

**Response:** The Parties do not request that the trial to a jury be bifurcated.

**(9) Attached hereto as Attachment "A" and made a part of this order by reference are the questions which the parties request that the court propound to the jurors concerning their legal qualifications to serve.**

**(10) Attached hereto as Attachment "B-1" are the general questions which plaintiff wishes to be propounded to the jurors on voir dire examination.**

**Attached hereto as Attachment "B-2" are the general questions which defendants wishes to be propounded to the jurors on voir dire examination.**

**The court shall question the prospective jurors as to their address and occupation and as to the occupation of a spouse, if any. Counsel may be permitted to ask follow-up questions on these matters. It shall not, therefore, be necessary for counsel to submit questions regarding these matters. The determination of whether the judge or counsel will propound general voir dire questions is a matter of courtroom policy which shall be established by each judge.**

**(11) State any objections to plaintiff's voir dire questions.**

Response:

**State any objections to defendant's voir dire questions.**

Response:

**State any objections to the voir dire questions of the other parties, if any.**

Response: N/A

**(12) All civil cases to be tried wholly or in part by jury shall be tried before a jury consisting of not less than six (6) members, unless the parties stipulate otherwise. The parties must state in the space provided below the basis for any requests for additional strikes. Unless otherwise directed herein, each side as a group will be allowed the number of peremptory challenges as provided by 28 U.S.C. § 1870.  See Fed. R. Civ. P. 47(b).**

**Response:** None.

**(13) State whether there is any pending related litigation. Describe briefly, including style and civil action number.**

**Response:** None.

**(14)** Attached hereto as Attachment "C" is plaintiffs' outline of the case which includes a succinct factual summary of plaintiffs' causes of action and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law creating a specific legal duty relied upon by plaintiff shall be listed under a separate heading. In negligence cases, each and every act of negligence relied upon shall be separately listed. For each item of damage claimed, plaintiffs shall separately provide the following information: (a) a brief description of the item claimed, for example, pain and suffering; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.

**(15)** Attached hereto as Attachment "D" is defendant's outline of the case which includes a succinct factual summary of all general, special, and affirmative defenses relied upon and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law relied upon as creating a defense shall be listed under a separate heading. For any counterclaim, the defendant shall separately provide the following information for each item of damage claimed: (a) a brief description of the item claimed; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.

**(16)** Attached hereto as "Attachment E" are the facts stipulated by the parties. No further evidence will be required as to the facts contained in the stipulation and the stipulation may be read into evidence at the beginning of the trial or at such other time as is appropriate in the trial of the case. It is the duty of counsel to cooperate fully with each other to identify all undisputed facts. A refusal to do so may result in the imposition of sanctions upon the non-cooperating counsel.

**(17) The legal issues to be tried are as follows:**

The jury should consider the following issues:

1. What is the amount of damages for earned but unpaid minimum wages to which each Plaintiff is entitled?

2. Did Defendants retaliate against Plaintiff Casey because of his participation as a plaintiff in the *Henderson* collective action in violation of 29 U.S.C. § 215(a)(3)?

3. Were Defendants' violations of the Fair Labor Standards Act done willfully within the meaning 29 U.S.C. § 255(a)?

Following the trial, the Court should consider the following issues:

1. Were Defendants' violations of the Fair Labor Standards Act done in good faith within the meaning of 29 U.S.C. § 259?

2. Were Defendants' violations of the Fair Labor Standards Act done in good faith within the meaning of 29 U.S.C. § 260?

3. If Defendants have met their burden of proving their affirmative good faith defense under 29 U.S.C. § 260, should liquidated damages be awarded?

4. Award Plaintiffs' costs, including reasonable attorney's fees, following Plaintiffs' post-trial fee petition pursuant to 29 U.S.C. § 216(b).

5. Award prejudgment interest, if applicable.

(18) Attached hereto as Attachment "F-1" for the plaintiff, Attachment "F-2" for the defendant, and Attachment "F-3," etc. for all other parties is a list of all the witnesses and their addresses for each party.  The list must designate the witnesses whom the party will have present at trial and those witnesses whom the party may have present at trial.  Expert (any witnesses who might express opinion under Rule 702), impeachment and rebuttal witnesses whose use as a witness can be reasonably anticipated must be included.  Each party shall also attach to the list a reasonable specific summary of the expected testimony of each expert witness.

All of the other parties may rely upon a representation by a designated party that a witness will be present unless notice to the contrary is given ten (10) days prior to trial to allow the other party(s) to subpoena the witness or to obtain the witness' testimony by other means.  Witnesses who are not included on the witness list (including expert, impeachment and rebuttal witnesses who use should have been reasonably anticipated) will not be permitted to testify, unless expressly authorized by court order based upon a showing that the failure to comply was justified.

(19) Attached hereto as Attachment "G-1" for the plaintiff, "G-2" for the defendant, and "G-3," etc. for all other parties are the typed lists of all documentary and physical evidence that will be tendered at trial.  Learned treatises which are expected to be used at trial shall not be admitted as exhibits.  Counsel are required, however, to identify all such treatises under a separate heading on the party's exhibit list.

Each party's exhibits shall be numbered serially, beginning with 1, and without the inclusion of any alphabetical or numerical subparts.  Adequate space must be left on the left margin of each party's exhibit list for court stamping purposes.  A courtesy copy of each party's list must be submitted for use by the judge.

Prior to trial, counsel shall mark the exhibits as numbered on the attached lists by affixing numbered yellow stickers to plaintiff's exhibits, numbered blue stickers to defendant's exhibits, and numbered white stickers to joint exhibits.  When there are multiple plaintiffs or defendants, the surname of the particular plaintiff or defendant shall be shown above the number on the stickers for that party's exhibits.

**Specific objections to another party's exhibits must be typed on a separate page and must be attached to the exhibit list of the party against whom the objections are raised. Objections as to authenticity, privilege, competency, and to the extent possible, relevancy of the exhibits shall be included. Any listed document to which an objection is not raised shall be deemed to have been stipulated as to authenticity by the parties and shall be admitted at trial without further proof of authenticity.**

**Unless otherwise noted, copies rather than originals of documentary evidence may be used at trial. Documentary or physical exhibits may not be submitted by counsel after filing of the pretrial order, except upon consent of all the parties or permission of the court. Exhibits so admitted must be numbered, inspected by counsel, and marked with stickers prior to trial.**

**Counsel shall familiarize themselves with all exhibits (and the numbering thereof) prior to trial. Counsel will not be afforded time during trial to examine exhibits that are or should have been listed.**

**(20) The following designated portions of the testimony of the persons listed below may be introduced by deposition:**

**Response:** James Matthew Colunga, the former General Manager of 1400

Northside Drive, Inc., resides outside the State of Georgia and outside this Court's

subpoena power. Plaintiffs therefore designate the following portions of Colunga's

deposition testimony to offer at trial: 5:15–17; 9:4–19; 10:13 to 12:8; 12:12 to 13:6;

13:15–17; 13:24–25; 14:3–19; 15:11–22; 16:4 to 20:1; 20:8 to 21:3; 21:20 to 25:1;

26:8 to 27:18; 48:4–15; 49:16 to 50:5.

**Any objections to the depositions of the foregoing persons or to any questions or answers in the depositions shall be filed in writing no later than the day the case is first scheduled for trial. Objections not perfected in this manner will be deemed waived or abandoned. All depositions shall be reviewed by counsel and all extraneous and unnecessary matter, including non-essential colloquy of**

counsel, shall be deleted. Depositions, whether preserved by stenographic means or videotape, shall not go out with the jury.

(21) Attached hereto as Attachments "H-1" for the plaintiff, "H-2" for the defendant, and "H-3," etc. for other parties are any trial briefs which counsel may wish to file containing citations to legal authority concerning evidentiary questions and any other legal issues which counsel anticipate will arise during the trial of this case. Limitations, if any, regarding the format and length of trial briefs is a matter of individual practice which shall be established by each judge.

(22) In the event this is a case designated for trial to the court with a jury, requests for charge must be submitted no later than 9:30 a.m. on the date on which the case is calendared (or specially set) for trial. Requests which are not timely filed and which are not otherwise in compliance with LR 51.1 will not be considered. In addition, each party should attach to the requests to charge a short (not more than one (1) page) statement of that party's contentions, covering both claims and defenses, which the court may use in its charge to the jury.

Counsel are directed to refer to the latest edition of the Eleventh Circuit District Judges Association's Pattern Jury Instructions and Devitt and Blackmar's Federal Jury Practice and Instructions in preparing the requests to charge. For those issues not covered by the Pattern Instructions or Devitt and Blackmar, counsel are directed to extract the applicable legal principle (with minimum verbiage) from each cited authority.

(23) If counsel desire for the case to be submitted to the jury in a manner other than upon a general verdict, the form of submission agreed to by all counsel shall be shown in Attachment "I" to this Pretrial Order. If counsel cannot agree on a special form of submission, parties will propose their separate forms for the consideration of the court.

Response: See Attachment I.

(24) Unless otherwise authorized by the court, arguments in all jury cases shall be limited to one-half hour for each side. Should any party desire any

**additional time for argument, the request should be noted (and explained) herein.**

**Response:** None.

**(25) If the case is designated for trial to the court without a jury, counsel are directed to submit proposed finding of fact and conclusions of law not later than the opening of trial.**

**(26) Pursuant to LR 16.3, lead counsel and persons processing settlement authority to bind the parties met in person on <u>Friday, August 11, 2017</u> to discuss in good faith the possibility of settlement of this case. The court (____) has or (<u>X</u>) has not discussed settlement of this case with counsel.  It appears at this time that there is:**

**(____) A good possibility of settlement**

**(____) Some possibility of settlement**

**(_x_) Little possibility of settlement**

**(____) No possibility of settlement**

**(27) Unless otherwise noted, the court will not consider this case for a special setting, and it will be scheduled by the clerk in accordance with the normal practice of the court.**

**Response:** There are a large number of parties (7) to this action, and it is likely

that 3 or more non-party witnesses may be called. Moreover, Plaintiff Robert Casey

will have to travel from out of state to attend the trial of this action. For these reasons,

the parties respectfully request that the case be specially set for trial.

**(28) The plaintiffs estimates that they will require <u>one-and-one half days</u> to present their evidence.**

**The defendants estimate that they will require <u>two</u> days to present their evidence.**

**It is estimated that the total trial time is <u>four days</u>.**

**IT IS HEREBY ORDERED that the above constitutes the pretrial order for the above captioned case (\_\_\_\_) submitted by stipulation of the parties or (\_\_\_\_) approved by the court after conference with the parties.**

**IT IS FURTHER ORDERED that the foregoing, including the attachments thereto, constitutes the pretrial order in the above case and that it supersedes the pleadings which are hereby amended to conform hereto and that this pretrial order shall not be amended except by Order of the court to prevent manifest injustice.  Any attempt to reserve a right to amend or add to any part of the pretrial order after the pretrial order has been filed shall be invalid and of no effect and shall not be binding upon any party or the court, unless specifically authorized in writing by the court.**

**IT IS SO ORDERED this _____ day of _____ 2017.**


_____
**Hon. Steve C. Jones**
**UNITED STATES DISTRICT JUDGE**

Each of the undersigned counsel for the parties hereby consents to entry of the foregoing pretrial order, which has been prepared in accordance with the form pretrial order adopted by this court.

DELONG, CALDWELL, BRIDGERS, FITZPATRICK & BENJAMIN, LLC

/s/ Matthew W. Herrington
Mitchell D. Benjamin
Georgia Bar No. 049888
Matthew W. Herrington
Georgia Bar No. 275411

3100 Centennial Tower
101 Marietta Street
Atlanta, GA 30303
(404) 979-3150
(404) 979-3170 (facsimile)
benjamin@dcbflegal.com
matthew.herrington@dcbflegal.com

Counsel for Plaintiffs

LAW OFFICES OF HERBERT P. SCHLANGER

/s/ Herbert P. Schlanger
Herbert P. Schlanger
Georgia Bar No. 629330

Suite 1890
230 Peachtree Street, N.W.
Atlanta, Georgia 30303
(404) 808-6659
(404) 745-0523 (facsimile)
hschlanger@bellsouth.net

Counsel for Defendants

**ATTACHMENT A
TO PROPOSED CONSOLIDATED PRETRIAL ORDER**

The parties request that the court propound the following questions to potential jurors regarding their legal qualifications to serve:

1.     Are you a citizen of the United States?

2.     Are you eighteen years of age or older?

3.     Have you resided for at least a period of one year in the Northern District of Georgia?

4.     Are you able to read, write, and understand the English language with a degree of proficiency sufficient to fill out satisfactorily the juror qualification form?

5.     Are you incapable, by reason of mental or physical infirmity, to render satisfactory jury service?

6.     Do you have a charge pending against you for the commission of, or have you been convicted in a State or Federal court of record of, a crime punishable by imprisonment for more than one year and your civil rights have not been restored?

7.     Is any prospective juror an officer, employee, or former employee of 1400 Northside Drive, Inc. or C.B. Jones II?

8.  Is any prospective juror related by blood or marriage to an officer, employee or former employee of 1400 Northside Drive, Inc., C.B. Jones II, or Herbert Schlanger?

9.  Is any prospective juror an officer, employee or former employee of Mitchell D. Benjamin or the firm DeLong Caldwell Bridgers Fitzpatrick and Benjamin, LLC?

10. Is any prospective juror related by blood or marriage to an officer, employee or former employee of Mitchell Benjamin or the firm DeLong Caldwell Bridgers Fitzpatrick and Benjamin, LLC?

11. Has any juror been represented by any of the attorneys in this case, or have you sought their advice or services?

12. Do you or any member of your family have a business relationship with 1400 Northside Drive, Inc. such that you or your family receives income for services, goods or advice provided to or from the Defendants?

13. Are any of you familiar with this case?

14. Have any of you heard anything about it?

15. Has anyone attempted to discuss this case in your presence?

16. Do any of you have any interest, financial or otherwise, in the outcome of this case?

**ATTACHMENT B-1**
**TO PROPOSED CONSOLIDATED PRETRIAL ORDER**

Plaintiffs request that the court propound the following questions to potential jurors on voir dire examination:

1.   Does any member of the panel know Herbert P. Schlanger, the lawyer representing Defendants 1400 Northside Drive, Inc. and C.B. Jones II?

2.   Have any of you ever heard of the law firm of Herbert P. Schlanger?

3.   Have any of your family members or close friends been represented by Herbert P. Schlanger?

4.   Have any of your family members or close friends been affiliated in any way with the 1400 Northside Drive, Inc. or C.B. Jones II (business or otherwise)?

5.   Have you ever owned a business or held a managerial or supervisory position with a company or business?

6.   Have you ever worked in any company's personnel or human Resources department or area?

7.   Have any of you ever worked at a job that required you to keep up with employees' hours worked – or required you to see that employees were properly paid for the hours they worked?

8.   Have you ever worked at a job in which you regularly received tips?

9.     Have any of you ever served on a jury before?

10.    Are you acquainted with any of the following individuals:

    a.  Roger Wilson, who is a Plaintiff in this case

    b.  Travis Delduca, who is a Plaintiff in this case

    c.  Zachary Chastain, who is a Plaintiff in this case

    d.  Robert Casey, who is a Plaintiff in this case

    e.  Taylor Addy, who is a Plaintiff in this case

    f.  Any employee, agent or representative of 1400 Northside Drive, Inc. d/b/a Swinging Richards

    g.  C.B. Jones II

    h.  Karen Caudle (née Kirk)

    i.  Harold Hunt

    j.  Demetrios "Jimmy" Haralambus

11.    By whom are you employed?

12.    What position do you hold at your present employment?

13.    What type of activities interest you?

14.    What newspapers and magazines do you read?

15.    Where do you obtain most of your news about current events?

16.    What type of television programs interest you?

17.   What bumper stickers do you have on your vehicle?

18.   What is the highest level of education that you completed?

19.   How many of you believe that the federal government should not require employers to compensate employees who earn more than the minimum wage in tips?

20.   How many of you believe that employers and employees should be free to enter into agreements that the employees will work for tips only?

21.   How many of you believe that the federal government should not establish any minimum wage and that employers and employees should be free to agree to any employment terms they desire?

22.   Plaintiffs were employed by Defendants as exotic dancers. They are making the following claims in this lawsuit:

   a.  They contend that Defendants failed to pay them any wages for their work as exotic dancers.

   b.  Plaintiff Robert Casey contends that Defendants forced him to withdraw from participating from an earlier collective action lawsuit against Defendants before they would let him return to work.

   The Court has already determined that Plaintiffs are all entitled to receive $7.25 for each hour they worked for Defendants during the relevant time

period, and also to be reimbursed for all the illegal fees and fines they were required to pay in order to work. How many of you believe that Plaintiffs should not be paid the money that the Court has determined that they are entitled to?

23.   How many of you believe that Defendants should be free to refuse to rehire an employee because he has demanded to be paid minimum wages according to federal law?

24.   The plaintiffs in this case worked as exotic dancers at Defendants' club. Exotic dancers are also known as "strippers". Do any of you feel that because plaintiffs worked as strippers that they should not be entitled to be paid minimum wages as required by the law?

25.   Does anyone here believe that they could not be fair to the plaintiffs because they worked as strippers?

26.   Does anyone here believe that they could not be fair to the Defendants because they owned and ran a strip club?

Plaintiffs reserve the right to propound any additional follow-up questions which are deemed appropriate during jury selection.

**ATTACHMENT B-2**
**TO PROPOSED CONSOLIDATED PRETRIAL ORDER**

Defendants request that the court propound the following questions to potential jurors on voir dire examination:

**ATTACHMENT C**
**TO PROPOSED CONSOLIDATED PRETRIAL ORDER**

Plaintiffs' outline of the case:

## A. Cause of Action

This is an action under the Fair Labor Standards Act, of 1938 (as amended) (29 U.S.C. § 201 *et seq.*) (the "FLSA") to recover damages for due but unpaid minimum wages plus additional like amounts as liquidated damages.

Plaintiffs further seek to be reimbursed for their costs of litigation, including their reasonable attorneys' fees pursuant to 29 U.S.C. § 216(b).

## B. Summary of Facts

Plaintiffs are current and former employees of Defendants and work as exotic dancers at Defendants' nightclub Swinging Richards in Atlanta, Georgia.

Plaintiff Roger Wilson has worked at Swinging Richards since approximately October 2013. Plaintiff Zachary Chastain worked at Swinging Richards from approximately March 27, 2013 through Christmas 2016. Plaintiff Travis Delduca worked at Swinging Richards from approximately November 2013 through mid-October 2016. Plaintiff Robert Casey worked at Swinging Richards from approximately July 11, 2011 through mid-November 2015. Plaintiff Taylor Addy has worked at Swinging Richards since approximately January 31, 2014.

At all relevant times, Defendants have failed to pay Plaintiffs the FLSA-mandated minimum wage of $7.25 per hour. Plaintiffs' sole form of remuneration was the receipt of tips from Defendants' customers. Additionally, Defendants required Plaintiffs to pay kickbacks to them, their managers, and their non-tipped employees as a condition of employment, including but not limited to house fees, late fees, doorman fees, DJ fees, and breathalyzer fees.

At all relevant times, Defendants were aware that they had misclassified Plaintiffs as independent contractors and that their tips-only payment scheme violated the Fair Labor Standards Act. They were aware of this because they had been told the same thing in 1993 when 1400 was investigated by the U.S. Department of Labor's Wage and Hour Division and entered into a settlement agreement regarding its minimum wage violations. In fact, Defendants continue to violate the FLSA even today, after this Court has ruled on multiple occasions that its policies are illegal.

On March 13, 2014, Plaintiff Casey filed a Consent Form pursuant to 29 U.S.C. § 216(b) in the related *Henderson* collective action, electing to become an "opt-in" plaintiff in that lawsuit. In May 2014, the manager of Swinging Richards (Matthew Colunga) found Plaintiff Casey's name on a list of opt-in Plaintiffs in the *Henderson* action on a list provided to him by Defendant Jones, and, following the

instructions of Defendant Jones, told Plaintiff Casey that he would not be permitted to work at Swinging Richards unless he withdrew his Consent Form in the *Henderson* action.

Because Defendants would not permit him to work at Swinging Richards otherwise, Plaintiff Casey filed a Withdrawal Form withdrawing his consent to join the *Henderson* action on May 22, 2014. As a result of Defendants requiring Plaintiff Casey to choose between waiving his FLSA rights or keeping his job, Plaintiff Casey has suffered lost income.

## C.    Supportive Authority

Fair Labor Standards Act, as amended, § 201 *et seq.*

29 U.S.C. § 211(c) (employers must "make, keep and preserve records" of employees and of their "wages, hours, and other conditions and practices of employment" in accordance with regulations adopted by the Wage and Hour Division)

*Donovan v. New Floridian Hotel, Inc.,* 676 F.2d 468, 471 (11th Cir. 1982) (An employer's failure to create and maintain legally required records has a legal consequence. "If the employer fails to produce such evidence . . . the court may then award damages to the employee, even though the result be only approximate.")

*McLaughlin v. Richland Shoe Co*., 486 U.S. 128, 133, 108 S. Ct. 1677 (1988); *Allen v. Bd. of Pub. Educ. for Bibb Cty*., 495 F.3d 1306, 1314 (11th Cir. 2007) ("[A]n employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then becomes the employer's, and it must bring forth either evidence of the precise amount of work performed or evidence to

negate the reasonableness of the inference to be drawn from the employee's evidence.")

*Lee v. Flightsafety Servs. Corp.*, 20 F.3d 428, 432 (11th Cir. 1994) (Neither an employee nor an employer can effectively waive or contractually abridge any of the provisions of the Fair Labor Standards Act); accord *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1983)

*Morgan v. Family Dollar Stores*, 551 F.3d 1233, 1283 (11th Cir. 2008) (A cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued)

*Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 128, (1985) (violations of the FLSA are willful if "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute."); *see also McLaughlin v. Richland Shoe Co.* 486 U.S. 128, 133, 108 S. Ct. 1677 (1988); *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.,* 515 F.3d 1150, 1162–1163 (11th Cir. 2008)

*Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 141 (2d Cir. 1999) (willfulness exists where the employer merely disregarded the possibility that the FLSA applied to plaintiff)

*Reich v. Southern New England Telecomms. Corp.*, 121 F.3d 58, 71 n.4 (2d Cir. 1997) (Liquidated damages are not a penalty extracted by law, but compensation to the employee occasioned by the delay in receiving wages caused by the employer's violation of the FLSA)

*Barcellona v. Tiffany English Pub, Inc.*, 597 F.2d 464, 469 (5th Cir. 1979) ("even inexperienced businessmen cannot claim good faith when they blindly operate a business without making any investigation as to their responsibilities under the labor laws. Apathetic ignorance is never the basis of a reasonable belief.")

*Hayes v Bill Haley & His Comets, Inc.*, 274 F Supp. 34 (E.D. Pa 1967) (liquidated damages are mandatory unless the employer shows that his act or omission was in subjective good faith ***and*** was based upon objectively reasonable grounds, in which case the decision is discretionary with trial judge); *see also Donovan v United States Postal Service*, 530 F. Supp. 894 (D.C. Col. 1981); *Armitage v Emporia*, 782 F. Supp. 537 (D.C. Kan. 1992)

*Reich v. Southern New England Telecomms. Corp*., 121 F.3d 58, 71 n.4 (2d Cir. 1997) (Liquidated damages are not a penalty extracted by law, but compensation to the employee occasioned by the delay in receiving wages caused by the employer's violation of the FLSA)

*Mumby v. Pure Energy Services (USA)*, Inc., 636 F.3d 1266 (10th Cir. 2011); *see also U.S. v. Bush*, 626 F.3d 527 (9th Cir. 2010) (When an employer relies on advice of counsel to show good faith or lack of willfulness, the following factors should be considered: (1) a request for advice of counsel on the legality of a proposed action, (2) full disclosure of the relevant facts to counsel, (3) receipt of advice from counsel that the action to be taken will be legal, and (4) reliance in good faith on counsel's advice.)

*Perez v. Garcia*, No. 17-10344, 2017 U.S. App. LEXIS 13513, at *5–6 (11th Cir. July 26, 2017) ("To successfully put forth a prima facie case of retaliation under the FLSA a plaintiff must demonstrate (1) she engaged in statutorily protected activity; (2) she subsequently suffered an adverse employment action; and (3) there is a causal connection between the employee's protected activity and the adverse action.") (citing *Wolf v. Coca-Cola Co*., 200 F.3d 1337, 1342–43 (11th Cir. 2000))

*Perez v. Garcia*, No. 17-10344, 2017 U.S. App. LEXIS 13513, at *5–6 (11th Cir. July 26, 2017) ("In demonstrating causation, the plaintiff must prove that the adverse action would not have been taken 'but for' the assertion of FLSA rights.") (citing *Wolf v. Coca-Cola Co*., 200 F.3d 1337, 1343 (11th Cir. 2000))

*De Leon-Granados v. Eller & Sons Trees, Inc*., 581 F.Supp.2d 1295, 1303 (N.D. Ga. 2008) (liability under the FLSA is predicated on the existence of an employer/employee relationship)

*Reyes-Fuentes v Shannon Produce Farm, Inc*., 671 F. Supp. 2d 1365, 1372 (S.D. Ga. 2009) (FLSA's anti-retaliatory provisions encompass failure to rehire because of participation in FLSA action) (citing *Glover v. City of N. Charleston*, 942 F. Supp. 243, 246 (D.S.C. 1996))

*Clincy v. Galardi S. Enters.*, No. 1:09-CV-2082-RWS, 2010 U.S. Dist. LEXIS 22796, at *9 (N.D. Ga. Mar. 12, 2010) (retaliating against FLSA opt-in plaintiffs is a violation of 29 U.S.C. § 215(a)(3))

*Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 90, 111 S. Ct. 453, 457–58 (1990) ("We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period,  or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.") (*Glus v. Brooklyn Eastern Dist. Terminal*, 359 U.S. 231, 79 S. Ct. 760 (1959); *Holmberg v. Armbrecht*, 327 U.S. 392, 66 S. Ct. 582 (1946))

*Dionne v. Floormasters Enters.* 647 F.3d 1109, 1115 (11th Cir. 2011) (An award of costs and reasonable attorney's fees is mandatory for a prevailing plaintiff in an FLSA case.)

### **D. Damages**

Plaintiffs seek due but unpaid minimum wages (FLSA § 6, 29 U.S.C. § 206) in the following amounts:

- Plaintiff Wilson: $21,315 in hourly FLSA minimum wages plus reimbursement of kickbacks in the amount of $29,400 (as of July 24, 2017; continues to accrue).

- Plaintiff Chastain: $51,678 in hourly FLSA minimum wages plus reimbursement of kickbacks in the amount of $44,550.

- Plaintiff Delduca: $21,808 in hourly FLSA minimum wages plus reimbursement of kickbacks in the amount of $37,600.

- Plaintiff Casey: $50,373 in hourly FLSA minimum wages in hourly FLSA minimum wages plus reimbursement of kickbacks in the amount of $38,600. These amounts include minimum wages and kickbacks from three years

prior to the date Plaintiff Casey filed his "opt in" form in the related *Henderson* collective action. Casey seeks equitable tolling of the statute of limitations as a remedy for Defendants' retaliation against him in violation of FLSA § 15(a)(3), 29 U.S.C. § 215(a)(3). If equitable tolling of the statute of limitations is not granted, Casey's total damages would total $78,139.50.

- Plaintiff Addy: $29,648 in hourly FLSA minimum wages plus reimbursement of kickbacks in the amount of $30,550 (as of July 24, 2017; continues to accrue).

Following the trial, Plaintiffs will submit separate motions seeking an award of liquidated damages in the same amounts as their unpaid minimum wages, and reimbursement of their costs of litigation, including their reasonable attorney's fees, pursuant to FLSA § 16(b), 29 U.S.C. § 216(b).

**ATTACHMENT D**
**TO PROPOSED CONSOLIDATED PRETRIAL ORDER**

Defendants' outline of the case:

Defendants believe that the plaintiffs will not meet their burden of proof in order to recover for hours allegedly worked which were compensated at less than the minimum wage.

Furthermore, the defendants' evidence will demonstrate that, objectively and subjectively, their belief that they were complying with what was required of them was reasonable and in good faith.

## C.    Supportive Authority

**ATTACHMENT E**
**TO PROPOSED CONSOLIDATED PRETRIAL ORDER**

The parties stipulate and agree to the following facts and/or the Court has already found the following facts to be undisputed:

1.      This Court has subject matter jurisdiction over this action.

2.      Venue is proper in this Court.

3.      1400 Northside Drive, Inc. ("1400") is a corporation organized under the laws of the State of Georgia.

4.      1400 is subject to the personal jurisdiction of this Court.

5.      At all relevant times, Defendant C.B. Jones II ("Jones") has been the sole owner and chief executive officer of 1400.

6.      Jones is subject to the personal jurisdiction of this Court.

7.      At all relevant times, Defendants 1400 and Jones have operated Swinging Richards, a male strip club in Atlanta, Georgia.

8.      The Court has ruled that, at all times material to this case, 1400 has been an enterprise that is subject to the minimum wage requirements of the Fair Labor Standards Act.

9.      1400 (or a predecessor entity) began operation in 1983 as a nightclub called Cabaret Platinum and later Diamond Club.

10.     1400 originally featured female exotic dancers.

11.    In 1997, 1400 began doing business as Swinging Richards.

12.    Swinging Richards consists of a main stage, on which entertainers dance, customer seating around the stage referred to as the "floor," a bar, an adjacent "VIP lounge" with a couch and separate stage, and 7 additional private "VIP rooms."

13.    The number of dancers at Swinging Richards varies based on the night of the week, between approximately 15 to 45.

14.    Swinging Richards classifies its dancers as independent contractors.

15.    Plaintiff Robert Casey worked as an exotic dancer at Swinging Richards from approximately July 11, 2011 through mid-November 2015.

16.    Plaintiff Taylor Addy has worked as an exotic dancer at Swinging Richards since approximately January 31, 2014.

17.    Plaintiff Roger Wilson has worked as an exotic dancer at Swinging Richards since approximately October 2013.

18.    Plaintiff Zachary Chastain worked at Swinging Richards as an exotic dancer from approximately March 27, 2013 through Christmas 2016.

19.    Plaintiff Travis Delduca worked at Swinging Richards as an exotic dancer from approximately November 2013 through mid-October 2016.

20.   Plaintiffs were entitled to receive the federal minimum wage of $7.25 for each hour worked at Swinging Richards.

21.   Swinging Richards requires dancers to pay a "house fee" to the club every night.

22.   Swinging Richards formerly required dancers to pay additional money for showing up late for shifts. The late charge was $10.00 when dancers arrived one hour past opening and $20.00 when dancers arrived two hours past opening.

23.   After Harold Hunt became General Manager, Swinging Richards stopped imposing late fees on dancers.

24.   The first dancer to sign in before 7:00 PM does not have to pay the house fee.

25.   The first 3 dancers to sign in before 7:00 PM have the option to leave at 12:30am, provided there are enough entertainers for the night.

26.   1400 requires that dancers pay the disc jockey each shift they work the greater of $10.00 or 10% of their monies received.

27.   Swinging Richards requires dancers to pay the front door host $5.00 per shift.

28. Swinging Richards requires dancers to pay the security person $3.00 per shift.

29. Swinging Richards requires dancers to pay the manager $10.00 per shift.

30. Swinging Richards typically has 10 to 15 dancers on a Monday night and 35 to 45 dancers on a Saturday night.

31. After Harold Hunt became General Manager, dancers were no longer required to work 3 days per week minimum.

32. Jones was formerly an attorney admitted to practice law in the State of Georgia.

33. Jones last practiced law in 2014.

34. Jones hired 1400's legal counsel in this case.

35. In 1993, the Jones retained attorney Scott Schulten to represent 1400 in connection with an audit by the U.S. Department of Labor's Wage & Hour Division of the employment practices of 1400, as well as other adult entertainment establishments in Atlanta.

36. 1400 does not keep records of payments made to dancers by customers for performances on stage.

37. 1400 does not keep records of payments made to dancers by customers for table-side dances.

38.    On a month-to-month basis, 1400 does no accounting of dancers' VIP fees received.

39.    1400 has instructed the dancers to write their total cash received on the back of their timecards, but it does nothing with that information for accounting purposes.

40.    Defendants' time records are inadequate to accurately reflect the times worked by each Plaintiff.

**ATTACHMENT F-1**
**TO PROPOSED CONSOLIDATED PRETRIAL ORDER**

Plaintiffs designate the following witnesses whom they will have present at trial:

**Plaintiff Robert Casey**, Contact: c/o Counsel for Plaintiffs

**Plaintiff Taylor Addy**, Contact: c/o Counsel for Plaintiffs

**Plaintiff Roger Wilson**, Contact: c/o Counsel for Plaintiffs

**Plaintiff Travis Delduca**, Contact: c/o Counsel for Plaintiffs

**Plaintiff Zachary Chastain,** Contact: c/o Counsel for Plaintiffs

**James Matthew Colunga,** Former General Manager of Swinging Richards, Ft. Lauderdale, Florida; (678) 851-4817. Mr. Colunga will testify via videotaped deposition regarding Plaintiffs' hours worked, fees and fines (kickbacks) paid, and Defendants' retaliation against Plaintiff Casey.

Plaintiffs designate the following witnesses whom they may have present at trial:

1.   **Harold Hunt**, Current General Manager of Swinging Richards, contact via Defendants' counsel. May be called to testify regarding Defendants' payroll documents and practices, club rules and policies, fees and fines (kickbacks) paid to Defendants by Plaintiffs, Plaintiffs' schedules and time and

attendance records, and Defendant Jones's role in the operation of Swinging
Richards.

2.    **Karen Caudle**, former bookkeeper for Swinging Richards. Last known
address: 8585 Sheridan Drive, Jonesboro, GA 30236. May be called to
testify regarding kickbacks paid to Defendants by Plaintiffs, Defendants'
bookkeeping and recordkeeping practices, and Defendant Jones's role in the
operation of Swinging Richards.

3.    **Demetrios "Jimmy" Haralambus**, Accountant for Defendant 1400
Northside Drive, Inc. May be called to testify regarding Defendants'
accounting and recordkeeping practices and failure to include purported
service charges in its gross receipts.

4.    **Scott Schulten**, Former legal counsel for 1400 Northside Drive, Inc.
Schulten Ward Turner & Weiss, LLP, 260 Peachtree Street NW, #2700,
Atlanta, GA 30303, (404) 688-6800. May be called to testify regarding a
1993 audit of 1400 Northside Drive, Inc. by the U.S. Department of Labor
Wage & Hour Division and regarding Defendants' awareness of other FLSA
litigation against other Atlanta area strip clubs.

5.    **Sarah Toenes,** DeLong Caldwell Bridgers Fitzpatrick & Benjamin, LLC;
3100 Centennial Tower; 101 Marietta Street; Atlanta, GA 30303. Ms.

Toenes is a legal assistant at the law firm of Plaintiffs' counsel. She may be called to testify as to how summaries of Plaintiffs' damages were computed.

6.    Any and all witnesses listed by Defendants on their witness list to which Plaintiffs have not otherwise objected.

Plaintiffs object to any witness on Defendants' witness list who were not named in Defendants' initial disclosures (which were never filed) or interrogatory responses.

**ATTACHMENT F-2**
**TO PROPOSED CONSOLIDATED PRETRIAL ORDER**

Defendants designate the following witnesses whom it will have present at trial:


Defendants designate the following witnesses whom they may have present at trial:

1.  Defendants may call any or all of the persons listed in attachment F-1

     (Plaintiffs' witnesses)

## ATTACHMENT G-1
## TO PROPOSED CONSOLIDATED PRETRIAL ORDER

Plaintiffs will tender the following documentary and physical evidence at trial:

| Ex. No. | Offered | Mark | Admit | Description |
|---|---|---|---|---|
| 1 | | | | *Henderson et al. v. 1400 Northside Drive, Inc. et al.*, Order on Motions for Summary Judgment (June 19, 2015) |
| 2 | | | | *Henderson et al. v. 1400 Northside Drive, Inc. et al.*, Order on Motion for Summary Judgment (June 3, 2016) |
| 3 | | | | Amended Complaint [Wilson Dkt. 9] |
| 4 | | | | Answer to Amended Complaint [Wilson Dkt. 10] |
| 5 | | | | Plaintiffs' First Continuing Interrogatories to Defendant 1400 Northside Drive, Inc. [Wilson Dkt. 40-11] |
| 6 | | | | Plaintiffs' First Continuing Requests for Production of Documents to Defendants 1400 Northside Drive, Inc. and C.B. Jones II [Wilson Dkt. 40-12] |
| 7 | | | | Plaintiffs' First Continuing Requests for Admission to Defendants 1400 Northside Drive, Inc. and C.B. Jones II [Wilson Dkt. 40-13, 40-14, 40-15, 40-16, 40-17] |
| 8 | | | | Wilson Def. Responses to Discovery |

| | | | | |
|---|---|---|---|---|
| 9 | | | | Defendants' Amended Responses to Plaintiffs' Discovery Requests [Wilson Dkt. 40-10] |
| 10 | | | | Conferral Letter to Defendants (dated August 22, 2016) |
| 11 | | | | Plaintiffs' Statement of Undisputed Facts [Wilson Dkt. 45-1] |
| 12 | | | | Defendants' Response to Plaintiffs' Statement of Undisputed Facts [Wilson Dkt. 52-16] |
| 13 | | | | Order on Motion for Partial Summary Judgment [Wilson Dkt. 58] |
| 14 | | | | Amended Complaint [Casey Dkt. 8] |
| 15 | | | | Answer to Amended Complaint [Casey Dkt. 11] |
| 16 | | | | Plaintiffs' First Continuing Interrogatories to Defendant 1400 Northside Drive, Inc. (Casey) |
| 17 | | | | Plaintiffs' First Continuing Requests for Admission to Defendants 1400 Northside Drive, Inc. and C.B. Jones II (Casey) |
| 18 | | | | Plaintiffs' First Continuing Requests for Production of Documents to Defendants 1400 Northside Drive, Inc. and C.B. Jones II (Casey) |

| 19 | | | | Defendants' Responses to Plaintiffs' First Continuing Requests for Admission (Casey) |
|---|---|---|---|---|
| 20 | | | | Conferral Email to Defendants (dated July 21, 2017) |
| 21 | | | | Swinging Richards Rules and Regulations |
| 22 | | | | Letter from Daniel Bremer to club owners (dated October 20, 1993) |
| 23 | | | | Letter from AAtlanta Club Workers to club owners (dated November 1, 1993) |
| 24 | | | | Letter from Jim Berry letter to Daniel Bremer (dated November 3, 1993) |
| 25 | | | | Letter from Daniel Bremer to Jim Berry (dated November 5, 1993) |
| 26 | | | | Letter from Scott Lawson to Mary Ziegler (dated November 10, 1993) |
| 27 | | | | Letter from Daniel Bremer to Scott Schulten (dated December 6, 1993) |
| 28 | | | | Letter from Scott Schulten to American Entertainment Association Board of Directors (dated December 21, 1993) |
| 29 | | | | Memorandum from Scott Schulten to American Entertainment Association Members (dated December 22, 1993) |
| 30 | | | | Letter from Mary Ziegler to Scott Lawson (dated December 27, 1993) |

| 31 | | | | Letter from Scott Schulten to Daniel Bremer (dated December 27, 1993) |
|---|---|---|---|---|
| 32 | | | | Swinging Richards Front Door Instructions Sheet |
| 33 | | | | Robert Casey Consent Form |
| 34 | | | | Robert Casey Withdrawal of Consent |
| 35 | | | | Taylor Addy City of Atlanta Adult Entertainment Permits |
| 36 | | | | Robert Casey City of Atlanta Adult Entertainment Permits |
| 37 | | | | Swinging Richards Website VIP Room Page |
| 38 | | | | Plaintiffs' Amended Initial Disclosures (Casey) |
| 39 | | | | *Clincy v. Galardi S. Enters.*, 1:09-CV-2082-RWS, Order Granting Plaintiffs' Motion for Partial Summary Judgment (N.D. Ga. Sept. 7, 2011) |
| 40 | | | | *Branch v. 1715 Northside Drive, Inc.*, 1:14-cv-00960-TCB, Dkt. 1, Complaint (N.D. Ga. April 1, 2014) |
| 41 | | | | *Thompson v. 1715 Northside Drive, Inc.*, 1:14-cv-00390-RWS, Dkt. 1, Complaint (N.D. Ga. Feb. 2, 2014) |
| 42 | | | | *Dean v. 1715 Northside Drive, Inc.*, 1:14-cv-03775-CAP, Dkt. 1, Complaint (N.D. Ga. Nov. 24, 2014) |

| 43 | | | | *Mayes v. 1715 Northside Drive, Inc.*, 1:14-cv-04004-MHC, Dkt. 1, Complaint (N.D. Ga. Dec. 17, 2014) |
|----|--|--|--|---|
| 44 | | | | *Barnes v. Girls Galore, Inc. d/b/a Bliss Atlanta*, 1:14-cv-3946-SCJ, Dkt. 1, Complaint (N.D. Ga. Dec. 11, 2014) |
| 45 | | | | *Allen v. Hamill*, 1:13-cv-03768-RWS, Dkt. 1, Complaint (N.D. Ga. Nov. 13, 2013) |
| 46 | | | | Deposition of James Matthew Colunga taken on August 21, 2014 |
| 47 | | | | Deposition of James Matthew Colunga taken on July 20, 2017 |
| 48 | | | | Deposition of Karen Caudle taken on August 21, 2014 |
| 49 | | | | Deposition of Karen Caudle taken on September 18, 2014 |
| 50 | | | | Deposition of Demetrios Haralambus taken on September 18, 2014 |
| 51 | | | | Deposition of Demetrios Haralambus taken on November 17, 2016 |
| 52 | | | | Deposition of Harold Hunt taken on January 5, 2017 |
| 53 | | | | Deposition of C.B. Jones II taken on September 11, 2015 |
| 54 | | | | Deposition of C.B. Jones II taken on January 5, 2017 |

| 55 | | | | Deposition of Scott Schulten taken on November 1, 2016 |
|----|--|--|--|-----------------------------------------------------------|
|    | | | |                                                           |

Plaintiffs reserve the right to amend the foregoing list within ten (10) days after entry of this Order.

**DEFENDANTS' OBJECTIONS TO PLAINTIFFS' EXHIBITS**

**Ex. No.**          **Objection(s)**

1    Irrelevant; any probative value outweighed by prejudice

2    Irrelevant; any probative value outweighed by prejudice

3    Irrelevant; any probative value outweighed by prejudice

4    Irrelevant; any probative value outweighed by prejudice

5    Irrelevant; any probative value outweighed by prejudice

6    Irrelevant; any probative value outweighed by prejudice

7    Irrelevant; any probative value outweighed by prejudice

8    Irrelevant; any probative value outweighed by prejudice

9    Irrelevant; any probative value outweighed by prejudice

10   Irrelevant; any probative value outweighed by prejudice

11   Irrelevant; any probative value outweighed by prejudice

12   Irrelevant; any probative value outweighed by prejudice

13   Irrelevant; any probative value outweighed by prejudice

14   Irrelevant; any probative value outweighed by prejudice

15   Irrelevant; any probative value outweighed by prejudice

16   Irrelevant; any probative value outweighed by prejudice

17   Irrelevant; any probative value outweighed by prejudice

18    Irrelevant; any probative value outweighed by prejudice

19    Irrelevant; any probative value outweighed by prejudice

20    Irrelevant; any probative value outweighed by prejudice

39    Irrelevant; hearsay

40    Irrelevant; hearsay

41    Irrelevant; hearsay

42    Irrelevant; hearsay

43    Irrelevant; hearsay

44    Irrelevant; hearsay

45    Irrelevant; hearsay

**ATTACHMENT G-2**
**TO PROPOSED CONSOLIDATED PRETRIAL ORDER**

Defendants will tender the following documentary and physical evidence at trial:

| Ex. No. | Description |
|---------|-------------|
| **1** | Table top "menu" |
| **2** | VIP Room entrance poster |
| **3** | |
| **4** | USDOL ltr of 12/27/1993 to Lawson |
| **5** | 25 CFR 531.52 |
| **6** | 25 CFR 531.55 |
| **7** | IRS Revenue Ruling 2012-18 |
| **8** | IRS Bulletin 2012-26 |
| **9** | IRS Internal Revenue Manual 4.23 |
| **10** | IRS Publication 531 |

**PLAINTIFFS' OBJECTIONS TO DEFENDANTS' EXHIBITS**

| Exhibit No. | Exhibit Description | Objection(s) |
|---|---|---|
| 1 | Table top "menu" | FRE 401, 402 - Irrelevant; FRE 403 - probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, and misleading the jury |
| 2 | VIP Room entrance poster | FREV 401, 402 - Irrelevant; FRE 403 - probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, and misleading the jury |
| 5 | 29 CFR 531.52 | FRE 403 -Probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, and misleading the jury |
| 6 | 29 CFR 531.55 | FRE 403 - Probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, and misleading the jury |
| 7 | IRS Revenue Ruling 2012-18 | FRE 401, 402 - Irrelevant; FRE 403 - probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, and misleading the jury |
| 8 | IRS Bulletin 2012-26 | FRE 401, 402 - Irrelevant; FRE 403 - probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, and misleading the jury. This exhibit is law, not evidence, and the Court will instruct the jury on the law. |
| 9 | IRS Internal Revenue Manual 4.23 | FRE 401, 402 - Irrelevant; FRE 403 - probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, and misleading the jury. This exhibit is law, not evidence, and the Court will instruct the jury on the law. |
| 10 | IRS Publication 531 | FRE 401, 402 - Irrelevant; FRE 403 - probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, and misleading the jury. This exhibit is law, not evidence, and the Court will instruct the jury on the law. |

**ATTACHMENT H-1**
**TO PROPOSED CONSOLIDATED PRETRIAL ORDER**

Plaintiffs' trial brief(s), if any:

Plaintiffs will submit a trial brief no later than ten (10) days before trial.

**ATTACHMENT H-2**
**TO PROPOSED CONSOLIDATED PRETRIAL ORDER**

Defendants' trial brief(s), if any:

**ATTACHMENT I**
**TO PROPOSED CONSOLIDATED PRETRIAL ORDER**

Form of submission to jury agreed to by all counsel if counsel desire for the case to

be submitted to the jury in a manner other than upon a general verdict, if applicable:

    The parties plan to submit a proposed verdict form for the Court's consideration

on the first day of trial.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ROBERT CASEY, TAYLOR ADDY, ROGER WILSON, TRAVIS DELDUCA, and ZACHARY CHASTAIN, Plaintiffs, | |
| vs. | Civil Action No. 1:16-cv-4517-SCJ |
| 1400 NORTHSIDE DRIVE, INC. d/b/a Swinging Richards and C.B. JONES II, | **Consolidated with 1:15-cv-4453-SCJ** |
| Defendants. | |

---

### CERTIFICATE OF SERVICE

I hereby certify that on this day I filed the foregoing **PROPOSED JOINT CONSOLIDATED PRETRIAL ORDER** using the Courts CM/ECF system, which will automatically send email notification of such filing to all counsel of record.

Dated: August 14, 2017.

/s/ Matthew W. Herrington
Matthew W. Herrington
Georgia Bar No. 275411