### IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

**ROBERT CASEY, et al.,**
        **Plaintiffs.**

                                     **Civil Action number**
    **v.**                                 **1:16-cv-4517-SCJ**

**1400 NORTHSIDE DRIVE, INC.,**
        **et al.,**
                **Defendants**

### DEFENDANTS' REQUESTED JURY INSTRUCTIONS
### NUMBERS 1 through 11 (including an alternative for #4)

Defendants hereby submit their proposed jury instructions 1 through 11,

attached hereto.

                                      Respectfully submtted,

                                      _/s/ HERBERT P. SCHLANGER_____
                                      Herbert P. Schlanger
                                      Ga. Bar Number 629330
                                      Counsel for defendants

Law Offices of Herbert P. Schlanger
Suite 1890
230 Peachtree Street, N.W.
Atlanta, Georgia  30303
(404) 808-6659 (voice)
(404) 745-0523 (facsimile)
hschlanger@bellsouth.net
herb@schlanger.com

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**ROBERT CASEY, et al.,**
      **Plaintiffs.**

                               **Civil Action number**

    **v.**                         **1:16-cv-4517-SCJ**

**1400 NORTHSIDE DRIVE, INC.,**
      **et al.,**
            **Defendants**


## DEFENDANTS' REQUESTED JURY INSTRUCTION NUMBER 1


[Because the defendant has not kept]  adequate time and pay records for [the plaintiffs ...], [the plaintiffs] may recover a reasonable estimation of the amount of [his] damages. But to recover this amount, [each plaintiff] must prove by a preponderance of the evidence a reasonable estimation of the amount and extent of the work for which [he] seeks pay.

                        11th Circuit Pattern Jury Instructions, §4.14 [modified]

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ROBERT CASEY, et al.,
          Plaintiffs.

                                    Civil Action number
     v.                              1:16-cv-4517-SCJ

1400 NORTHSIDE DRIVE, INC.,
     et al.,
          Defendants

## DEFENDANTS' REQUESTED JURY INSTRUCTION NUMBER 2

The ... [plaintiff] must prove by a preponderance of the evidence that [he] worked the [time claimed]. [He] may meet this burden[, in the absence of adequate and accurate time records of the employer,] by "producing sufficient evidence to show the extent of that employment as a matter of just and reasonable inference." ... The burden then shifts to the [defendant] "to disprove the [plaintiff]'s evidence with a showing which negates the reasonableness of the inference to be drawn from the evidence." .... To meet [his] burden of proof, the [plaintiff] must present evidence ... independent of [his] own testimony. .... "Affidavits and personal testimony by [a plaintiff] which are not corroborated, in whole or in part, by other credible evidence (including testimony of persons other than the [plaintiff]) will not serve to meet a [plaintiff]'s burden of proof." ...

> *Haitian Refugee Center, Inc. v. Nelson*, 872 F.2d 1555, 1558-59 (C.A.11 (Fla.), 1989) (construing a labor-related statute other than FLSA, interpreting the phraseology used by the Supreme Court in *Mt. Clemens* ["just and reasonable inference"].)

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**ROBERT CASEY, et al.,**
      **Plaintiffs.**

                          **Civil Action number**
    **v.**                        **1:16-cv-4517-SCJ**


**1400 NORTHSIDE DRIVE, INC.,**
      **et al.,**
            **Defendants**


### DEFENDANTS' REQUESTED JURY INSTRUCTION NUMBER 3


The statute of limitations for a claim seeking unpaid overtime wages under the FLSA is generally two years. "But if the claim is one 'arising out of a willful violation,' the statute of limitations is extended to three years."
               *Morgan*, 551 F.3d at 1280 (quoting 29 U.S.C. § 255(a)).


To prove willfulness and therefore obtain the benefit of the three year statute of limitations, an employee must establish that the employer "knew, or showed reckless disregard for, the fact that its conduct was forbidden by the FLSA."
               *Morgan*, 551 F.3d at 1283.

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

**ROBERT CASEY, et al.,**
   **Plaintiffs.**

          **Civil Action number**
  **v.**         **1:16-cv-4517-SCJ**


**1400 NORTHSIDE DRIVE, INC.,**
   **et al.,**
     **Defendants**


## DEFENDANTS' REQUESTED JURY INSTRUCTION NUMBER 4

. To establish a willful violation of the FLSA for purposes of extending the limitations period, [a plaintiff] "must prove by a preponderance of the evidence that [the defendant] either knew that its conduct was prohibited by the statute or showed reckless disregard about whether it was." [citation omitted.] Where "an employer acts unreasonably but not recklessly in determining its legal obligation under the FLSA," we do not consider its acts willful. [Citation omitted].

       *Kaplan v. Code Blue Billing & Coding, Inc.*
       (11th Cir., 2013) (slip op., p.5)

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

**ROBERT CASEY, et al.,**
        **Plaintiffs.**

                                **Civil Action number**
        **v.**                  **1:16-cv-4517-SCJ**


**1400 NORTHSIDE DRIVE, INC.,**
        **et al.,**
                **Defendants**


### DEFENDANTS' REQUESTED JURY INSTRUCTION NUMBER 4A
### [Proposed alternative if #4 is not given.]


Although the ordinary statute of limitations in cases brought under the FLSA is two years, a cause of action arising out of a willful violation of the FLSA may be commenced within three years after the cause of action accrued. 29 U.S.C § 255(a). A willful violation may be found when the employer "disregarded the very `possibility' that it was violating the statute." Alvarez v. IBP, Inc., 339 F.3d 894, 908-09 (9th Cir.2003) (citing Herman, 172 F.3d at 141). The three-year statute of limitations may apply even when the employer did not knowingly violate the FLSA; rather, it may apply when it simply disregarded the possibility that it might be violating the FLSA.  If an employer acts unreasonably but not recklessly in determining its legal obligation under the FLSA, then its actions should not be considered willful and the two-year statute of limitations should be applied. Lockaby v. Top Source Oil Analysis, Inc., 998 F.Supp. 1469, 1471 (N.D.Ga.1998)(citing McLaughlin, 486 U.S. at 135 n. 13, 108 S.Ct. 1677).

*Allen v. Board of Public Educ. for Bibb County*, 495 F.3d 1306, 1324-25 (11th Cir., 2007)

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**ROBERT CASEY, et al.,**
       **Plaintiffs.**

                                 **Civil Action number**
    **v.**                         **1:16-cv-4517-SCJ**

**1400 NORTHSIDE DRIVE, INC.,**
      **et al.,**
             **Defendants**

## DEFENDANTS' REQUESTED JURY INSTRUCTION NUMBER 5

To satisfy the good faith requirement, an employer must show that it acted with both objective and subjective good faith.

> *Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1272 (11th Cir., 2008)

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**ROBERT CASEY, et al.,**
      **Plaintiffs.**

                                                    **Civil Action number**
    **v.**                                        **1:16-cv-4517-SCJ**

**1400 NORTHSIDE DRIVE, INC.,**
      **et al.,**
             **Defendants**

## DEFENDANTS' REQUESTED JURY INSTRUCTION NUMBER 6

In any action ... to recover ... liquidated damages, under the [FLSA] ..., if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation ... the court may, in its sound discretion, award no liquidated damages ....

> *Morgan*, 551 F.3d at 1282; 29 U.S.C. 260; 11th Circuit Pattern Jury Instructions, §4.14, ANNOTATIONS AND COMMENTS  p. 247

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

**ROBERT CASEY, et al.,**
            **Plaintiffs.**

                                                **Civil Action number**
      **v.**                                        **1:16-cv-4517-SCJ**


**1400 NORTHSIDE DRIVE, INC.,**
      **et al.,**
            **Defendants**


**DEFENDANTS' REQUESTED JURY INSTRUCTION NUMBER 7**

 Absent any evidence to support the [plaintiffs]' estimates of their ... damages, [plaintiffs]' calculations on the spreadsheet become mere speculation, and are insufficient to support the requisite inference necessary to meet their burden. *Martin,* 949 F.2d at 1297 (the employee must "submit *sufficient evidence* from which violations of the [FLSA] and the amount of an award may be *reasonably inferred.")* (emphasis added).

                        *Rosano v. Twp. of Teaneck*, 754 F.3d 177, 189 (3rd Cir., 2014)

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

**ROBERT CASEY, et al.,**
         **Plaintiffs.**

                                        **Civil Action number**
    **v.**                               **1:16-cv-4517-SCJ**


**1400 NORTHSIDE DRIVE, INC.,**
     **et al.,**
         **Defendants**


**DEFENDANTS' REQUESTED JURY INSTRUCTION NUMBER 8**

It is not always clear whether the law considers someone an "employee," and it is not always clear who the law considers someone's "employer." Some people, for example, perform services for others while remaining self-employed as independent contractors.

In this case, you must decide: [Did the defendants have a good faith belief that the plaintiffs were independent contractors rather than employees]?  ... You should answer this question in light of the economic realities of the entire relationship between the parties. There are a number of factors you must consider, based on all the evidence in the case:

> (a) Who controls [... plaintiff]'s work? In an employer/employee relationship, the employer has the right to control the employee's work, to set the means and manner in which the work is done, and set the hours of work. In contrast, an independent contractor generally must accomplish a certain work assignment within a desired time, but the details, means, and manner by which the contractor completes that assignment are determined by the independent contractor, normally using special skills necessary to perform that kind of work.

(b) How is [... plaintiff] paid? An employer usually pays an employee on a time worked, piecework, or commission basis, and an employer usually provides vacation or sick time, insurance, retirement, and other fringe benefits to the employee. An independent contractor is ordinarily paid an agreed or set amount, or according to an agreed formula, for a given task or job, and no benefits are provided.

(c) How much risk or opportunity does [... plaintiff] have? An independent contractor is generally one who has the opportunity to make a proi or faces a risk of taking a loss. But an employee is generally compensated at a predetermined rate, has no risk of loss, and has social security taxes paid by the employer.

(d) Who provides [... plaintiff]'s tools, equipment, and supplies? An independent contractor usually provides the tools, equipment, and supplies necessary to do the job—but an employee usually does not.

(e) How does [... plaintiff] offer services? Independent contractors generally offer their services to the public or others in a particular industry, have procured the necessary licenses for performing their services, and may have a business name or listing in the phone book. Employees ordinarily work for only one or just a few employers, and do not have business names or listings.

(f) What is the parties' intent? The parties' intent is always important. But the description the parties themselves give to their relationship is not controlling—substance governs over form.

You should consider all the circumstances surrounding the work relationship—no single factor determines the outcome. Nevertheless, the extent of the right to control the means and manner of the worker's performance is the most important factor.

11th Circuit Pattern Jury Instructions, §4.24 [modified]

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

**ROBERT CASEY, et al.,**
      **Plaintiffs.**

                               **Civil Action number**
**v.**                             **1:16-cv-4517-SCJ**


**1400 NORTHSIDE DRIVE, INC.,**
      **et al.,**
           **Defendants**


## DEFENDANTS' REQUESTED JURY INSTRUCTION NUMBER 9

The central issue in determining employee/independent contractor status is the hiring party's right to control the manner and means by which the work is accomplished.

> *Garcia v. Copenhaver, Bell & Assocs., M.D.'s, P.A.*, 104 F.3d 1256, 1266 (11th Cir. 1997) (claim under the ADEA).

> 11th Circuit Pattern Jury Instructions, §4.24
> ANNOTATIONS AND COMMENTS

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

**ROBERT CASEY, et al.,**
          **Plaintiffs.**

                                  **Civil Action number**
     **v.**                             **1:16-cv-4517-SCJ**


**1400 NORTHSIDE DRIVE, INC.,**
          **et al.,**
                **Defendants**


### DEFENDANTS' REQUESTED JURY INSTRUCTION NUMBER 10

The amount of damages is the difference between the amount [a plaintiff] should have been paid and the amount [he...] was actually paid. [Plaintiff] is entitled to recover lost wages from the date of your verdict back to no more than two years before [he...] filed this lawsuit [date of complaint]—unless you find that the employer either knew or showed reckless disregard for whether the FLSA prohibited its conduct. If you find that the employer knew or showed reckless disregard for whether the FLSA prohibited its conduct, then [the plaintiff] is entitled to recover lost wages from date of your verdict back to no more than three years before [he...] filed this lawsuit.

11th Circuit Pattern Jury Instructions, §4.14

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**ROBERT CASEY, et al.,**
       **Plaintiffs.**

                                 **Civil Action number**
**v.**                             **1:16-cv-4517-SCJ**


**1400 NORTHSIDE DRIVE, INC.,**
       **et al.,**
           **Defendants**


## DEFENDANTS' REQUESTED JURY INSTRUCTION NUMBER 11


(a) In any action or proceeding ..., no employer shall be subject to any liability or punishment for or on account of the failure of the employer to pay minimum wages ... under the Fair Labor Standards Act of 1938, ... if he pleads and proves that the act or omission complained of was in good faith in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation, of the [the Administrator of the Wage and Hour Division of the Department of Labor], or any administrative practice or enforcement policy of such agency with respect to the class of employers to which he belonged. Such a defense, if established, shall be a bar to the action or proceeding, notwithstanding that after such act or omission, such administrative regulation, order, ruling, approval, interpretation, practice, or enforcement policy is modified or rescinded or is determined by judicial authority to be invalid or of no legal effect.

                              29 U.S.C. §259. Reliance in future on administrative rulings, etc.

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

**ROBERT CASEY, et al.,**
       **Plaintiffs.**

                                   **Civil Action number**
**v.**                            **1:16-cv-4517-SCJ**

**1400 NORTHSIDE DRIVE, INC.,**
       **et al.,**
            **Defendants**

## CERTIFICATE OF SERVICE

I hereby certify that on January 16, 2018, I electronically filed the foregoing Jury Instruction Requests with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Charles R. Bridgers, Esq.
Kevin D. Fitzpatrick, Esq.
Matthew W. Herrington, Esq.
3100 CENTENNIAL TOWER
101 MARIETTA STREET
ATLANTA, GEORGIA 30303
(404) 979-3171
(404) 979-3170 (f)
charlesbridgers@dcbflegal.com
kevin.fitzpatrick@dcbflegal.com
matthew.herrington@dcbflegal.com

_/s/ HERBERT P. SCHLANGER_____
Herbert P. Schlanger
Ga. Bar Number 629330
Counsel for defendants

Law Offices of Herbert P. Schlanger
Suite 1890
230 Peachtree Street, N.W.
Atlanta, Georgia  30303
(404) 808-6659 (voice)
(404) 745-0523 (facsimile)
hschlanger@bellsouth.net
herb@schlanger.com