IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **ROBERT CASEY and TAYLOR ADDY,** | |
| **Plaintiffs,** | |
| **vs.** | Civil Action No. 1:16:-cv-4517-SCJ |
| **1400 NORTHSIDE DRIVE, INC. d/b/a Swinging Richards and C.B. JONES II,** | Consolidated for Trial with Civil Action No. 1:15-cv-4453-SCJ |
| **Defendants.** | |

## PLAINTIFFS' PROPOSED JURY CHARGES

Plaintiffs submit for the Court's consideration the following proposed jury instructions to be read at the commencement of trial after the jury is seated, and prior to jury deliberations, reserving the right to submit requests for additional or modified instructions in light of Defendants' proposed instructions or to conform to the evidence at trial. Plaintiffs additionally submit a proposed verdict form to be submitted to the jury at the conclusion of trial.

This 16th day of January 2018,

    Respectfully submitted,


    **DELONG, CALDWELL, BRIDGERS,**
    **FITZPATRICK & BENJAMIN, LLC**

| | |
|---|---|
| 3100 Centennial Tower | */s/ Matthew W. Herrington* |
| 101 Marietta Street | Mitchell D. Benjamin |
| Atlanta, Georgia 30303 | Ga. Bar No. 049888 |
| (404) 979-3171 | Matthew W. Herrington |
| (404) 979-3170 (f) | Ga. Bar No. 275411 |
| benjamin@dcbflegal.com | |
| matthew.herrington@dcbflegal.com | Counsel for Plaintiffs |

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 1

### General Preliminary Instruction

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

he jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply—and you must follow the law even if you disagree with it.

What is evidence:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally

see it rain. Indirect evidence like this is also called "circumstantial evidence"—simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

<u>What is not evidence</u>:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did—unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if he or she thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence—this is also called "striking" evidence—and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

Credibility of witnesses:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

- the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

- the witness's memory;

- the witness's manner while testifying;

- any interest the witness has in the outcome of the case;

- any bias or prejudice the witness may have;

- any other evidence that contradicts the witness's testimony;

- the reasonableness of the witness's testimony in light of all the evidence; and

- any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

<u>Description of the case</u>:

This is a civil case.

To help you follow the evidence, I'll summarize the parties' positions. ***This case will concern two separate lawsuits that have been consolidated or joined for trial.[1] The first lawsuit was brought by Plaintiffs Roger Wilson, Zachary***

---

[1] All modifications to the Pattern Instructions are indicated in bold italics.

*Chastain, and Travis Delduca. The second lawsuit was brought by Robert Casey and Taylor Addy. In both lawsuits, there are the same two Defendants, one company and one individual: 1400 Northside Drive, Inc. d/b/a Swinging Richards and Cummins B. ("C.B.") Jones II.*

*All the Plaintiffs worked as exotic dancers at an Atlanta strip club called Swinging Richards. Throughout trial, you may hear the Court and the parties refer to these workers as the "Plaintiffs," the "employees," "the entertainers," or the "dancers." You may hear the Court and the parties refer to the Defendants as "Defendants," "Swinging Richards," "Richards," "the Club," or the "employers."*

*The Plaintiffs filed this lawsuit under the Fair Labor Standards Act, which is the federal law that governs the payment of wages to workers. All the Plaintiffs allege that the Defendants did not pay them any wages and made them pay to work by charging various fees and fines. The Plaintiffs seek to recover unpaid minimum wages.*

*Plaintiff Robert Casey has an additional claim. He alleges that the Defendants retaliated against him when he chose to join a previous minimum wage lawsuit against the Defendants that involved similar wage claims. Specifically, he alleges that the Defendants would not permit him to return to*

*work unless he withdrew from that earlier lawsuit. Plaintiff Casey seeks damages for the back wages he sought in the earlier lawsuit prior to withdrawing.*

*Issues to be decided:*

*I have already made several rulings on the Plaintiffs' claims and the Defendants' defenses. I will summarize some of them for you now.*

*The Court has already ruled that, during the relevant time period, Swinging Richards was an enterprise that is subject to the minimum wage requirements of the Fair Labor Standards Act.*

*The Court has already ruled that, during the relevant time period, Plaintiffs were employees under the Fair Labor Standards Act and entitled to receive the federal minimum wage of $7.25 for each hour worked at Swinging Richards.*

*The Court has already ruled that, during the relevant time period, Defendant Jones was Plaintiffs' employer and is jointly and severally liable for any and all the FLSA violations by 1400 Northside Drive, Inc. covered in this lawsuit.*

*The Court has already ruled that, during the relevant time period, the monies that Plaintiffs received from customers for dances performed at*

*Swinging Richards were tips that do not count towards the minimum wages that Defendants were required to pay.*

*The Court has already ruled that Plaintiffs are entitled to recover $7.25 per hour for each hour worked at Swinging Richards, plus reimbursement of all fees and fines paid by Plaintiffs to Defendants and their employees or agents during the relevant time period.*

*As a result of my previous rulings, your role in this trial will be limited to (1) determining the amount of damages that the Plaintiffs are entitled to recover from the Defendants, (2) determining whether the Defendants' violation of the law was "willful,"  (3) determining whether the Defendants retaliated against Plaintiff Casey for his participation in the earlier lawsuit, and, if yes, (4) determining the amount Plaintiff Casey's damages caused by that retaliation.*

Burden of proof

Plaintiffs have the burden of proving their case by what the law calls a "preponderance of the evidence." That means that Plaintiffs must prove that, in light of all the evidence, what they claim is more likely true than not. So, if you could put the evidence favoring Plaintiffs and the evidence favoring Defendants on opposite sides of balancing scales, Plaintiffs need to make the scales tip to their side. If Plaintiffs fail to meet this burden, you must find in favor of Defendants.

To decide whether any fact has been proved by a preponderance of the evidence, you may—unless I instruct you otherwise—consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

Conduct of the jury:

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything—all the evidence, the lawyers' closing arguments, and my instructions on the law—before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text messages, and the

10

Internet, including social networking websites such as Facebook, MySpace, and Twitter.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair—no one else is so qualified.

<u>Taking notes</u>:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully

listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

Transcripts:

Jurors will oftentimes, when they are deliberating, say, "Judge, could you read back what that fifth witness said in the middle of the day?" And the answer is always, "no" —so, I will just tell you that up front. We do have a very able court reporter here, but transcripts of the trial testimony will not be prepared by the time of deliberation (and will not be available). And even if trial transcripts were available, courts generally don't want to read back one part of what somebody said, because of the necessity to consider the entirety of the trial testimony in your deliberations.

So, what you need to do, then, is if you are the kind of person that pays attention best when you take notes, then take notes if you need to— or, if you are the kind of person who learns best by just listening really hard, do it that way. Either way, you are going to need to pay very careful attention to the witnesses and their testimony because we won't be able to provide the transcripts to you.

<u>Course of the trial</u>:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, Plaintiffs will present their witnesses and ask them questions. After Plaintiffs question the witness, Defendants may ask the witness questions—this is called "cross-examining" the witness. Then Defendants will present their witnesses, and Plaintiffs may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

You'll then go to the jury room to deliberate.

**Source:** Eleventh Circuit Civil Pattern Jury Instructions (2013) – Instruction 1.1; Judge Jones's Civil Trial Outline [Dkt. 25-1]

**<u>DISPOSITION:</u>**

_____ Given

_____ Given as Modified

_____ Refused

_____ Withdrawn

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 2

### Stipulations

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case.

**Source:** Eleventh Circuit Civil Pattern Jury Instructions (2013) – Instruction 2.1.

## DISPOSITION:

_____ Given

_____ Given as Modified

_____ Refused

_____ Withdrawn

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 3

### The Duty to Follow Instructions—Corporate Party Involved

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it—even if you do not agree with the law—and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

**Source:** Eleventh Circuit Civil Pattern Jury Instructions (2013) – Instruction 3.2.2.

**<u>DISPOSITION:</u>**

_____ Given

_____ Given as Modified

_____ Refused

_____ Withdrawn

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 4

### Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters. In considering the evidence, you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

**Source:** Eleventh Circuit Civil Pattern Jury Instructions (2013) – Instruction 3.2.

## **DISPOSITION:**

_____ Given

_____ Given as Modified

_____ Refused

_____ Withdrawn

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 5

### Credibility of Witnesses

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other

  evidence?

**Source:** Eleventh Circuit Civil Pattern Jury Instructions (2013) – Instruction 3.4.

**<u>DISPOSITION:</u>**

_____ Given

_____ Given as Modified

_____ Refused

_____ Withdrawn

## <u>PLAINTIFFS' PROPOSED INSTRUCTION NO. 6</u>

### **Impeachment of Witnesses Because of Inconsistent Statements**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

**Source:** Eleventh Circuit Civil Pattern Jury Instructions (2013) – Instruction 3.5.1

## <u>DISPOSITION:</u>

_____ Given

_____ Given as Modified

_____ Refused

_____ Withdrawn

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 7

### Responsibility for Proof—Preponderance of the Evidence

In this case it is the responsibility of the Plaintiffs to prove every essential part of their claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiffs' claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiffs.

Plaintiffs assert multiple claims in this case, and you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiffs' claim by a preponderance of the evidence, you should find for the Defendants as to that claim.

**Source:** Eleventh Circuit Civil Pattern Jury Instructions (2013) – Instruction 3.7.1

## DISPOSITION:

_____ Given

_____ Given as Modified

_____ Refused

_____ Withdrawn

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 8

### Duty to Deliberate

Of course, the fact that I have given you instructions concerning the issue of Plaintiffs' damages should not be interpreted in any way as an indication that I believe that the Plaintiffs should, or should not, prevail in this case.

Your verdict must be unanimous—in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges— judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**Source:** Eleventh Circuit Civil Pattern Jury Instructions (2013) – Instruction 3.8.1

**<u>DISPOSITION:</u>**

                   _____ Given

                   _____ Given as Modified

                   _____ Refused

                   _____ Withdrawn

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 9

### Election of Foreperson Explanation of Verdict Form[s]

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible—either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

**Source:** Eleventh Circuit Civil Pattern Jury Instructions (2013) – Instruction 3.9

**<u>DISPOSITION:</u>**

_____ Given

_____ Given as Modified

_____ Refused

_____ Withdrawn

## <u>PLAINTIFFS' PROPOSED INSTRUCTION NO. 10</u>

### Inadequate Records

The law requires an employer to keep records of how many hours their employees work and the amount they are paid. In this case, ***the Parties have stipulated that Defendants did not keep and maintain adequate records of Plaintiffs' hours worked***.

***Because Defendants*** failed to keep adequate time records for Plaintiffs, Plaintiffs may recover a reasonable estimation of the amount of their damages. But to recover this amount, Plaintiffs must prove by a preponderance of the evidence a reasonable estimation of the amount and extent of the work for which they seek pay.


**Source:** Eleventh Circuit Civil Pattern Jury Instructions (2013) – Instruction 4.14.

## <u>DISPOSITION:</u>

_____ Given

_____ Given as Modified

_____ Refused

_____ Withdrawn

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 11

### Gratuities or Tips

*In your deliberations on Plaintiffs' minimum wage damages you must not consider the amount the Plaintiffs received in tips from customers. The law requires employers to pay employees minimum wages regardless of whether the employees also receive tips from customers. In certain circumstances under the law, some employers may pay tipped employees less than the regular minimum wage. However, those circumstances are not present in this case.*

**Source:** 29 U.S.C. §§ 203, 206; 29 C.F.R. § 531.55; *Henderson et al. v. 1400 Northside Drive, Inc. et al.*, 110 F. Supp. 3d 1318, 1322 (N.D. Ga. 2015).

## DISPOSITION:

_____ Given

_____ Given as Modified

_____ Refused

_____ Withdrawn

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 12

### Non-Waiver of FLSA Rights

*An employee cannot waive his right to receive minimum wages free and clear of kickbacks under the law. This means that an employee cannot agree to work for less than the law requires, or to pay to work, even if he wants to do so. Therefore, in your deliberations you must not consider whether the Plaintiffs may have consented to or agreed to work for tips only, or to pay to work for Defendants.*

**Source:** *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 740-41, 101 S. Ct. 1437 (1981); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1983; *Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 302 (1985).

## DISPOSITION:

_____ Given

_____ Given as Modified

_____ Refused

_____ Withdrawn

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 13

### Kickbacks

*Employees are entitled to receive minimum wages "free and clear." The Court has determined that the fees and fines paid by Plaintiffs to Defendants were illegal kickbacks. As part of Plaintiffs' minimum wage damages, Plaintiffs are entitled to recover all the mandatory fees and fines they paid to Defendants. The amount of these fees and fines, if any, is a question for the jury based on the evidence presented.*


**Sources:** 29 C.F.R. § 531.36(b); Order on Plaintiffs' Motion for Partial Summary Judgment, Wilson Dkt. 58, pg. 21.

## DISPOSITION:

          _____ Given

          _____ Given as Modified

          _____ Refused

          _____ Withdrawn

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 14

### FLSA – Willfulness

*The Court has already determined that the Defendants violated the Fair Labor Standards Act by failing to pay Plaintiffs at or above the minimum wage. The number of hours worked by each Plaintiff during the compensable time period is a question for the jury based on the evidence presented.* Plaintiffs are entitled to recover unpaid wages from the date of your verdict back to no more than two years before they filed *their claims in* this lawsuit, unless you find that either Defendant "willfully violated" the Fair Labor Standards Act.

If either Defendant knew that his/its conduct violated the law, or acted in reckless disregard of that fact, then his/its conduct was willful. If either Defendant did not know, or knew only that the law was potentially applicable, and did not act in reckless disregard about whether the law prohibited his/its conduct, his/its conduct was not willful. If you find that either Defendant willfully violated the Fair Labor Standards Act, then Plaintiffs are entitled to recover lost compensation from the date of your verdict back to no more than three years before they filed *their claims in* this lawsuit.

*Plaintiff Wilson filed his claim on December 23, 2015*

*Plaintiff Delduca filed his claim on March 8, 2016*

*Plaintiff Chastain filed his claim on March 8, 2016*

*Plaintiff Casey filed his claim on December 7, 2016*

*Plaintiff Addy filed his claim on February 8, 2017*

**Sources:** Eleventh Circuit Civil Pattern Jury Instructions (2013) – 4.14; 29 U.S.C. § 255(a).

## DISPOSITION:

_____ Given

_____ Given as Modified

_____ Refused

_____ Withdrawn

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 15

### Applicable Minimum Wage

***The minimum wage applicable to all the Plaintiffs' claims is $7.25 per hour.***

**Source:** 29 U.S.C. § 206(a)(1)(C); Order on Plaintiffs' Motion for Partial Summary Judgment, Wilson Dkt. 58, pg. 21

## DISPOSITION:

_____ Given

_____ Given as Modified

_____ Refused

_____ Withdrawn

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 16

### Retaliation

In this case, Plaintiff Robert Casey claims that Defendant 1400 and/or Defendant Jones retaliated against him because he took steps to enforce his lawful rights under the Fair Labor Standards Act.

Laws that prohibit ***nonpayment of minimum wages*** also prohibit an employer from taking any retaliatory action against an employee because the employee has asserted rights or made complaints under those laws.

Plaintiff Casey claims that Defendant 1400 and/or Defendant Jones retaliated against him by ***refusing to rehire him unless and until he dropped out of the Henderson action, which he had previously joined***. He contends that because ***he had to drop out of the Henderson lawsuit in order to be rehired, the statute of limitations on claims he asserted in the Henderson case ran out, preventing him from timely asserting those claims in this case***. Defendants deny Plaintiff Casey's claim and assert that ***[describe the defendant's defense]***.

To succeed on his claim, Plaintiff Casey must prove each of the following facts by a preponderance of the evidence:

<u>First</u>:  Plaintiff Casey engaged in a protected activity;

Second: Defendant 1400 and/or Defendant Jones then took an adverse

employment action;

Third: Defendant 1400 and/or Defendant Jones took the adverse

employment action because of Plaintiff Casey's protected activity;

and

Fourth: Plaintiff Casey suffered damages because of the adverse

employment action.

In the verdict form that I will explain in a moment, you will be asked to answer questions about these factual issues.

For the first element, Plaintiff Casey claims that he filed an "opt-in" form in an earlier collective action lawsuit against Defendant 1400 and/or Defendant Jones to recover unpaid minimum wages. ***If you find that Plaintiff Casey filed an "opt-in" form to join an FLSA lawsuit, you are instructed that this action is "protected activity."***

For the second element, Plaintiff Casey claims that Defendant 1400 and/or Defendant Jones took an adverse employment action against him when ***Swinging Richards manager Matthew Colunga refused to rehire Plaintiff Casey unless he withdrew his opt-in form in an earlier FLSA lawsuit.*** If you find that Defendant 1400 and/or Defendant Jones ***refused to rehire Plaintiff Casey unless he withdrew***

*from an FLSA lawsuit, you are instructed that this is  an adverse employment action*.

For the third element, if you find that Defendant 1400 and/or Defendant Jones *refused to rehire Plaintiff Casey*, you must decide whether Defendant 1400 took that action because *he joined an FLSA minimum wage lawsuit*. Put another way, you must decide whether Plaintiff Casey's protected activity was the main reason for Defendant 1400's decision. To determine that Defendant 1400 took an adverse employment action because of Plaintiff Casey's protected activity, you must decide that Defendant 1400 would not have taken the action had Plaintiff Casey not engaged in the protected activity but everything else had been the same.

For the fourth element, you must decide whether Defendant 1400 and/or Defendant Jones's acts were the proximate cause of damages that Plaintiff sustained. Put another way, you must decide, if Defendant 1400 and/or Defendant Jones had not *refused to rehired Plaintiff Casey*, would those damages have occurred?

If you find in Plaintiff Casey's favor for each fact he must prove, you must consider Plaintiff Casey's compensatory damages.

**Source:** Eleventh Circuit Civil Pattern Jury Instructions (2013) – Instruction 4.22; *Smith v. BellSouth Telecomms., Inc.*, 273 F.3d 1303, 1307-08 (11th Cir. 2001) (failure to rehire is an adverse employment action).

<u>**DISPOSITION:**</u>

_____ Given

_____ Given as Modified

_____ Refused

_____ Withdrawn

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 17

### Retaliation Damages

*On the verdict form that you will be provided, you are requested to determine the amount of minimum wages that Plaintiff Casey should have been paid during the period from March 13, 2011 through December 7, 2013.*


**Source:** 29 U.S.C. § 215.

## DISPOSITION:

    _____ Given

    _____ Given as Modified

    _____ Refused

    _____ Withdrawn

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ROBERT CASEY and TAYLOR ADDY, | |
| **Plaintiffs,** | |
| **vs.** | Civil Action No. 1:16:-cv-4517-SCJ |
| 1400 NORTHSIDE DRIVE, INC. d/b/a Swinging Richards and C.B. JONES II, | Consolidated for Trial with Civil Action No. 1:15-cv-4453-SCJ |
| **Defendants.** | |

## CERTIFICATE OF SERVICE

I hereby certify that on this day I caused the foregoing document to be filed with the Clerk via the Court's CM/ECF system, thereby ensuring electronic service of notice of filing upon all counsel of record.

Dated: January 16, 2018

*/s/ Matthew W. Herrington*
Matthew W. Herrington
Georgia Bar No. 27541

41