IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ROBERT CASEY, TAYLOR ADDY, ROGER WILSON, ZACHARY CHASTAIN, TRAVIS DELDUCA,<br>     Plaintiffs,<br><br>v.<br><br>1400 NORTHSIDE DRIVE, INC., d/b/a Swinging Richards; C.B. JONES, II; Administrator of General Services Administration,<br><br>     Defendants. | CIVIL ACTION NO.<br>1:16-CV-4517-SCJ |

## ORDER

Today, the first day of trial in this matter, the Court had to address certain pretrial issues that arose over the weekend. On Saturday, Defendants submitted amended proposed jury instructions (Doc. No. [37]), an amended exhibit list (Doc. No. [37-1]), and an amended outline of defenses (Doc. No. [37-2]). On Sunday, Defendants added another proposed jury instruction. Doc. No. [39]. All proposed jury instructions were due a week ago. Doc. No. [25-2], p. 5. And amendment to anything in the pretrial order can be had "only to prevent manifest injustice." See Fed. R. Civ. P. 16(e).

What principally concerns the Court is Defendants' proposed amendment to their outline of the case. Defendants initially indicated that "evidence will demonstrate that, objectively and subjectively, their belief that they were complying with what was required of them was reasonable and in good faith." Doc. No. [24], p. 26. Now, they indicate that they intend to rely on "[t]he Department of Labor and the IRS regulations, which they tried to comply with," along with other "case law and regulatory changes." Doc. No. [37-2]. The problem with this amendment is that Defendants were supposed to list "[a]ll relevant rules, regulations, statutes, ordinances, and illustrative case law relied upon as creating a defense" in their initial outline of the case. Doc. No. [24], p. 4.

The rules, regulations, etc. were listed, barring certain typographical errors, as proposed documentary evidence. See id. p. 44. But the burden is not on Plaintiffs to decipher all of Defendants' proposed evidence to determine how it might fit into their defenses. If Defendants intended to rely on "relevant rules, regulations, statutes, ordinances, and illustrative case law" for their defense, they were obliged to put the authority in a "list[ ] under a separate heading." Id. p. 4. They did not do this. Id. p. 26. The Court does not find that amendment of the pretrial order is necessary "to prevent manifest injustice." See Fed. R. Civ. P. 16(e). Defendants knew of these rules

and regulations all along, and apparently intended for Defendant C.B. Jones, II, to testify that he relied on them. But they failed to disclose this fact until the weekend before trial was scheduled to begin. The Court will not allow Defendants to now argue that they relied on these authorities—Defendants' exhibits 5 through 10 will be excluded.

Plaintiffs raised three other arguments regarding Defendants' amended outline. First, Plaintiffs challenge Defendants' ability to argue that the Internal Revenue Service ("IRS") took "no adverse action when it was aware of how dancers were compensated and classified." Doc. No. [37-2]. It is not at all clear when Defendants intend to argue the IRS became "aware" of how the dancers were classified. If it was after the decision to treat them as independent contractors, it could not have had any impact on Defendants' state of mind and would be irrelevant to willfulness. In any event, the standard applied by the IRS is different from the one used by Courts in Fair Labor Standards Act ("FLSA") cases. The IRS uses a 20-factor test that focuses on "the extent of an employer's control over the time and manner in which a worker performs." Hosp. Res. Pers., Inc. v. United States, 68 F.3d 421, 427 (11th Cir. 1995). In FLSA cases, courts in the Eleventh Circuit apply the "economic reality" test, which focuses on whether "the relationship between the alleged

3

employee and alleged employer . . . demonstrates [economic] dependence." Scantland v. Jeffry Knight, Inc., 721 F.3d 1308, 1311–12 (11th Cir. 2013). Thus, evidence the IRS took "no adverse action" is irrelevant, and to the extent it may have some marginal relevance its relevance would be substantially outweighed by a danger of confusing the issues and misleading the jury. See Fed. R. Evid. 402; 403.

Second, Defendants intend to argue that their "compensation plan actually did work to provide the entertainers compensation far greater than the minimum wage level." Doc. No. [37-2]. As the Court has already explained, "whether a worker should be classified as an employee or an independent contractor for the purposes of the FLSA does not hinge in any way on the amount of tips the worker received." Doc. No. [35], p. 6 (citing Scantland, 721 F.3d at 1311–12). Therefore, any argument that Plaintiffs received "far greater than the minimum wage level" would be excluded for the reasons already given in the Court's Order on Plaintiff's Motion in Limine. See Doc. No. [35], pp. 6--8. Defendants must demonstrate that they did not willfully violate the FLSA; they cannot rest their argument on an assertion that Plaintiffs have already received "enough."

Third, Defendants seek to offer a Department of Labor ("DOL") letter from 1993 approving of the use of certain fees as "service charges" to meet Defendants'

4

minimum-wage requirement. Doc. No. [37-2]. This document is not a rule or regulation, and thus is not excludable for the reason those documents are. It is a determination by the DOL, not the IRS, and so is relevant to the issues in this case. Additionally, Plaintiffs were aware the letter would be used as an exhibit because it was identified as such in the pretrial order. Doc. No. [24], p. 44. While Defendants must overcome any hearsay objection, such a ruling is reserved for trial. Rather, Plaintiffs argue the document should be excluded because Defendant Jones did not indicate he relied on it when asked during his deposition. Plaintiffs certainly can question Defendant Jones about this issue—and use his deposition testimony for impeachment purposes—but this is not a reason for excluding relevant evidence.

Finally, during the discussion of these matters, Defendants revealed that they intend for Harold Hunt, the current general manager of the business, to testify about the actual hours Plaintiffs worked. However, when Plaintiffs asked, in their interrogatories, for any evidence that Defendants intended to use to demonstrate the actual hours Plaintiffs worked, Defendants did not disclose that Mr. Hunt would testify on that issue. Pursuant to Fed. R. Civ. P. 37(c)(1), Defendants' failure to make this disclosure means they are "not allowed to use that information or witness to

5

supply [that] evidence . . . at a trial, unless the failure was substantially justified or is harmless."

Defendants' only argument that the failure to disclose was substantially justified or harmless is that Plaintiffs list Mr. Hunt as a witness who may testify about "Plaintiffs' schedules and time and attendance records." Doc. No. [24], pp. 32--33. But as Plaintiffs' persuasively argue, this only means that Mr. Hunt might be called to testify about the "records" Defendants kept, which the parties have stipulated are insufficient documentation of the hours Plaintiffs worked. Plaintiffs had no idea that Mr. Hunt might be called to contradict their testimony about the actual hours they worked, and to allow Defendants to spring this on Plaintiffs at the eleventh hour would be unjust. Due to their nondisclosure, Defendants will not be allowed to question Mr. Hunt about the hours Plaintiffs worked. See Fed. R. Civ. P. 37(c)(1).

**IT IS SO ORDERED**, this 8th day of May, 2018.

s/Steve C. Jones
HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)