IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ROBERT CASEY, TAYLOR ADDY, ROGER WILSON, ZACHARY CHASTAIN, TRAVIS DELDUCA,<br>    Plaintiffs,<br><br>v.<br><br>1400 NORTHSIDE DRIVE, INC., d/b/a Swinging Richards; C.B. JONES, II;<br><br>    Defendants. | CIVIL ACTION NO.<br>1:16-CV-4517-SCJ |

## ORDER

On May 9, 2018, a jury returned a verdict in favor of Plaintiffs and against Defendants on all claims, finding that Defendants willfully violated the Fair Labor Standards Act ("FLSA") and that they retaliated against Plaintiff Robert Casey by refusing to rehire him while he continued to participate in a previous FLSA action (the <u>Henderson</u> case). Doc. No. [48]. This matter now appears before the Court on Plaintiffs' Motion to Award Liquidated Damages (Doc. No. [50]), their Motion to Equitably Toll the Statute of Limitations (Doc. No. [51]), and their Motion for Attorneys' Fees (Doc. No. [52]).

AO 72A
(Rev.8/82)

When a jury finds that an employer's violation of the FLSA was willful, that "precludes the court from finding that the employer acted in good faith when it decides the liquidated damages question." Alvarez Perez v. Sanford-Orlando Kennel Club, Inc., 515 F.3d 1150, 1166 (11th Cir. 2008). Because the jury found willfulness, the Court must award Plaintiff's liquidated damages, and that Motion (Doc. No. [50]) is **GRANTED**. See Doc. No. [48], p. 3.

As for Plaintiffs' Motion for Attorneys' Fees and Costs, Defendants and the Court agree that the hours expended and rates charged by Plaintiffs' counsel are reasonable. See Docs. No. [52], [54]. Multiplying the hours reasonably expended in this litigation by the reasonable hourly rates results in a "lodestar" figure. Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983); Norman v. Hous. Auth. of the City of Montgomery, 836 F.2d 1292, 1299 (11th Cir.1988). This amount is "strongly presumed to be reasonable." Resolution Trust Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1150 (11th Cir. 1993) (per curiam).

In this case, the lodestar is $163,658.56. See Doc. No. [52], pp. 9-11. Once the Court has calculated the lodestar amount, it must consider whether an increase or reduction is warranted based on a variety of factors. See Norman, 836 F.2d at 1302. The Court agrees that no adjustments are appropriate in this case. Plaintiffs are also

entitled to recover the "costs of the action," which is $5,369.45. See 29 U.S.C. § 216(b); see also Doc. No. [52], p. 17. Accordingly, Plaintiffs' Motion for Attorneys' Fees (Doc. No. [52]) is **GRANTED**.

Last, the Court addresses the odd question of whether it should equitably toll the statue of limitations for the minimum-wage violations alleged in the Henderson action. Plaintiff Casey seems to believe he cannot recover damages for his retaliation claim unless the Court "equitably toll the statute of limitations to allow him to recover the FLSA damages he would have been entitled to recover had he not be [sic] coerced into withdrawing from the Henderson action." Doc. No. [51], p. 2. But in this case Plaintiff Casey did not bring those minimum-wage claims brought in Henderson. He brought a retaliation claim because Defendants forced him to drop out of the Henderson case in which he did bring those claims. Doc. No. [9], pp. 25–27.

The question of whether Plaintiff Casey's FLSA claims from the Henderson action should be equitably tolled is moot. He was not awarded damages for alleged minimum-wage violations that occurred approximately five years ago. He was awarded damages for a retaliation claim. As damages for retaliation, he in entitled to recover "such legal or equitable relief as may be appropriate to effectuate the purposes of [29 U.S.C. §] 215(a)(3)," which includes "wages lost and an additional

equal amount as liquidated damages." 29 U.S.C. § 216(b). The jury found that the "wages lost" as a result of the retaliation were the $38,178 dollars Plaintiff Casey was forced to abandon by dropping his claims in the <u>Henderson</u> action. Doc. No. [48], pp. 2–3. The Court finds that "an additional equal amount as liquidated damages" is appropriate. <u>See</u> 29 U.S.C. § 216(b). Plaintiffs' Motion to Equitably Toll the Statute of Limitations (Doc. No. [51]) is **DENIED as moot**.

Given the foregoing, the Court **DIRECTS** the Clerk to enter Judgment in favor of Plaintiffs and against Defendants, jointly and severally, as follows:

- Plaintiff Casey is to recover $76,356 for his retaliation claim ($38,178 in "lost wages" and an equal amount of liquidated damages), and $55,188 for his minimum-wage claim ($27,594 in actual damages and an equal amount in liquidated damages);

- Plaintiff Taylor Addy is entitled to $114,525.50 ($57,262.75 in actual damages and an equal amount in liquidated damages);

- Plaintiff Roger Wilson is entitled to $120,060 ($60,030 in actual damages and an equal amount in liquidated damages);

- Plaintiff Zachary Chastain is entitled to $170,469 ($85,234.50 in actual damages and an equal amount in liquidated damages);

AO 72A
(Rev.8/82)

- Plaintiff Travis Delduca is entitled to $108,847.50 ($54,423.75 in actual damages and an equal amount in liquidated damages);

- Plaintiffs are also entitled to $163,658.56 in attorneys' fees and $5,369.45 in costs.

**IT IS SO ORDERED**, this 31st day of May, 2018.

_____
HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)