# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **ROBERT CASEY, TAYLOR ADDY, ROGER WILSON, ZACHARY CHASTAIN, TRAVIS DELDUCA,** :<br>    **Plaintiffs,**  :<br>                      :<br>    **v.**                :<br>                      :<br>**1400 NORTHSIDE DRIVE, INC.,** :<br>**d/b/a Swinging Richards; C.B.** :<br>**JONES, II;**            :<br>                      :<br>    **Defendants.**    : | **CIVIL ACTION NO.**<br>**1:16-CV-4517-SCJ** |

## ORDER

This matter appears before the Court on Defendants' Motion for Judgement as a Matter of Law, for a New Trial, or to Alter or Amend the Judgment. Doc. No. [62]. They offer two grounds for the motion: (1) that they are entitled to judgment "as a matter of law or a new trial as to the exemption for creative professionals," and (2) that they are entitled to judgment "as a matter of law because uncorroborated testimony from the plaintiffs as to the number of hours and shifts worked is insufficient to support a verdict." Id. p. 1. The Court addresses each of these arguments in turn.

I.   **CREATIVE PROFESSIONAL EXCEPTION**

Plaintiff's claims in this suit arise under the Fair Labor Standards Act ("FLSA"). Doc. No. [9]. The Court previously held that Defendants were barred from relitigating whether Plaintiffs are "creative professionals," and thus exempt from the FLSA's minimum-wage requirements, because the issue was already litigated and decided in Henderson v. 1400 Northside Drive, Inc., 110 F. Supp. 3d 1318 (N.D. Ga. 2015). Wilson v. 1400 Northside Drive, Inc., Case No. 1:15-cv-4453, Doc. No. [58], pp. 10–11 (N.D. Ga. June 15, 2017).[1] In Henderson, Chief Judge Thomas W. Thrash held that Defendants' dancers did not "fit within the narrow creative professional exemption" based on the facts of the case. 110 F. Supp. 3d at 1321–22.

But the Supreme Court recently suggested that FLSA exemptions should be given "a fair reading" and not "construed narrowly." Encino Motorcars, LLC v. Navarro, 138 S. Ct. 1134, 1142, 200 L. Ed. 2d 433 (2018); contra id. at 1148 n.7 (Ginsburg, J., dissenting) (noting that the majority ignored "more than half a century of [Supreme Court] precedent" holding that FLSA exemptions are to be narrowly construed). Even assuming, as Defendants argue, that Encino qualifies as a

---

[1] The Wilson case was consolidated with the present litigation. Doc. No. [20]. For simplicity's sake, when the Court cites to the docket number of a document from the Wilson case, the form of the citation will be: Wilson, Doc. No. [XX].

fundamental change in the way FLSA exemptions are applied, Plaintiffs still do not qualify as "creative professionals" based on the facts of this case.

Unable to find a single case where exotic dancers have ever been held to qualify as creative professionals under the FLSA, Defendants rely on an overruled, out-of-circuit case dealing with the First Amendment and several cases dealing with copyright. Doc. No. [62-1], pp. 10–15. In overruling the First Amendment case relied on by Defendants, the Supreme Court acknowledged that exotic dancing can be "expressive conduct within the outer perimeters of the First Amendment," but held that it was "only marginally so." Barnes v. Glen Theatre, Inc., 501 U.S. 560, 566, 111 S. Ct. 2456, 2460, 115 L. Ed. 2d 504 (1991). Wearing a black armband can be expressive conduct protected by the First Amendment. Tinker v. Des Moines Indep. Cmty. Sch. Dist., 393 U.S. 503, 505–06, 89 S. Ct. 733, 736, 21 L. Ed. 2d 731 (1969). But wearing a black armband does not make one a "creative professional" within the meaning of the FLSA. The inquiries are dramatically different.

Likewise, the creativity required for a copyright "is extremely low; even a slight amount will suffice." Feist Publications, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 345, 111 S. Ct. 1282, 1287, 113 L. Ed. 2d 358 (1991). Even the most "crude [or] humble" drawing by an utter novice might qualify for copyright protection. See id.;

see also Situation Mgmt. Sys., Inc. v. ASP. Consulting LLC, 560 F.3d 53, 60 (1st Cir. 2009) (holding that training manual was sufficiently creative even though district court characterized it as "aggressively vapid" and "filled with generalizations, platitudes, and observations of the obvious"). But qualifying as a creative professional under the FLSA requires more. It requires that the work **cannot** "be produced by a person with general manual or intellectual ability and training." 29 C.F.R. § 541.302(a). Applying the proper standard to the facts of this case, it is clear Plaintiffs do not qualify as creative professionals within the meaning of the FLSA, even in light of Encino.

Contrary to Defendants' argument, the Court must consider the relative creativity required of Plaintiffs. See Doc. No. [62-1], p. 10. While a choreographer hired to create and direct a new ballet might be a creative professional, Plaintiffs are not creative professionals just because they work "in a recognized field of artistic or creative endeavor." 29 C.F.R. § 541.300(a)(2). "The duties of employees vary widely, and exemption as a creative professional depends on the extent of the invention, imagination, originality or talent exercised **by the employee**. Determination of exempt creative professional status, therefore, must be made on a case-by-case basis." 29 C.F.R. § 541.302(c) (emphasis added). Thus, the Court must decide if the work

AO 72A
(Rev.8/82)

**Plaintiffs** preformed "require[ed] invention, imagination, originality or talent." Id. § 541.302(a). "The exemption does not apply to work which can be produced by a person with general manual or intellectual ability and training." Id.

As Defendants have conceded, their dancers are not required "to have previous experience or formal training." Wilson, Doc. No. [45-1], p. 4, ¶17; Wilson, Doc. No. [52-16], p. 1, ¶17. An "[a]bility to dance is not necessary" to Plaintiff's job. Wilson, Doc. No. [45-1], p. 4, ¶18; Wilson, Doc. No. [52-16], p. 1, ¶18. "It is more important that a dancer be very attractive than be able to dance." Wilson, Doc. No. [45-1], p. 4, ¶19; Wilson, Doc. No. [52-16], p. 1, ¶19. Defendants' general manager "makes dancer hiring decisions by having potential dancers 'take all their clothes off in the dressing room or pull their shirt up.'" Wilson, Doc. No. [45-1], p. 4, ¶21; Wilson, Doc. No. [52-16], p. 2, ¶21. Notably, in arguing that Plaintiffs qualify as creative professionals, Defendants do not cite to a single piece of evidence in the record. Doc. No. [62-1], pp. 7–15.

Quite obviously, based on the undisputed facts, Plaintiffs' work did not require "invention, imagination, originality or talent." See 29 C.F.R. § 541.302(a). Instead, the work "performed by [an attractive] person with general manual or intellectual ability and training." See id. Defendants have not shown that Plaintiffs

5

qualify as creative professionals, even in light of Encino.[2] Defendants are not entitled to judgment as a matter of law on the issue, and the evidence in the record does not justify a new trial.

## II. SUFFICIENCY OF THE EVIDENCE

Defendants' second argument is even weaker. Defendants agreed that they did not keep adequate time records of the hours Plaintiffs worked. In such a situation, the solution "is not to penalize the employee by denying him any recovery on the ground that he is unable to prove the precise extent of uncompensated work." Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687, 66 S. Ct. 1187, 1192, 90 L. Ed. 1515 (1946). Instead, the employee can carry "his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." Id. Defendants argue that Tyson Foods, Inc. v. Bouaphakeo, 136 S. Ct. 1036, 194 L. Ed. 2d 124 (2016), has since "foreclose[d] reliance in an FLSA case by employees solely on uncorroborated testimony to establish the number of compensable hours worked by them." Doc. No. [62-1], pp. 16–17.

---

[2] Because Defendants' argument that Plaintiffs' work required "invention, imagination, originality or talent" fails, the Court need not address whether Plaintiffs were properly compensated on a "fee basis." See 29 C.F.R. § 541.300.

The issue in Tyson Foods was whether plaintiffs in an FLSA class action could use expert evidence for "inferring the hours an employee has worked." 136 S. Ct. at 1049. The Court noted that in that case "there were no alternative means for the employees to establish their hours worked." Id. at 1047. But this is not because plaintiffs are not allowed to testify as to the number of hours they worked. It is because in Tyson Foods the expert report was based on representative evidence, and the vast majority of the thousands of plaintiffs were "nontestifying members of the class." See id. at 1044. Thus, those nontestifying plaintiffs **had** to rely on the expert report. The Plaintiffs in this case did not need an expert; they all testified.

As the Supreme Court recognized in Tyson Foods, deciding whether the evidence submitted at trial demonstrates the number of hours an employee worked as a matter of just and reasonable inference "is the near-exclusive province of the jury." Id. at 1049. To be entitled to judgment as a matter of law on the point, Defendants must show "that no reasonable juror could have believed that the employees" worked the number of hours they testified to. See id. In deciding Defendants' Rule 50(b) motion, the Court must consider the evidence presented at trial, drawing all reasonable inferences in favor of Plaintiffs. Cleveland v. Home Shopping Network, Inc., 369 F.3d 1189, 1192-93 (11th Cir.2004). Thus, Defendants'

7

must show Plaintiffs no reasonable jury could have believed their testimony as to the number of hours they worked. Pickett v. Tyson Fresh Meats, Inc., 420 F.3d 1272, 1278 (11th Cir.2005). They simply do not do this. They instead argue that the testimony alone is insufficient as a matter of law, but as explained above this argument fails.

While wrong, Defendants' argument regarding Tyson Foods is at least "a nonfrivolous argument for extending, modifying, or reversing existing law." See Fed. R. Civ. P. 11(b)(2). But the Court has serious concerns about Defendants' reliance on Haitian Refugee Center, Inc. v. Nelson, 872 F.2d 1555 (11th Cir. 1989). While Defendants acknowledge that the case involved a "statute other than the FLSA," they removed all of the Eleventh Circuits' citations to make it look like the Court required the plaintiff to present evidence "independent of [his] own testimony" to prove the number of hours he worked. Doc. No. [62-1], p. 19 (alteration in original). The Eleventh Circuit did nothing of the sort. The section Defendants cite is the "Statutory Background" portion of Haitian Refugee Center, and the Eleventh Circuit was merely citing the statutory requirements for an applicant to the "Special Agricultural Workers program." 872 F.2d at 1557–58. It shows an extraordinary lack of candor for defense counsel to argue those immigration regulations apply in this FLSA case.

### III.   CONCLUSION

For the foregoing reasons, Defendants' Motion for Judgement as a Matter of Law, for a New Trial, or to Alter or Amend the Judgment (Doc. No. [62]) is **DENIED**.

**IT IS SO ORDERED**, this 6th day of August, 2018.

        s/Steve C. Jones
        HONORABLE STEVE C. JONES
        UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)